## HELDEN *vs.* HELDEN.

### APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard February 19.]                    [Decided June 4, 1860.

### *Alimony—Divorce.*

The circuit court has authority in its discretion to allow to the wife and compel the husband to pay reasonable sums for her expenses in conducting a litigation, upon a question which may arise after divorce, touching the allowance of alimony.

After the decision of the motion in this case reported 9 Wis., 557, the main appeal came on to be argued by the counsel. The facts of the appeal appear sufficiently in the opinion of the court.

*Nat. Rollins* for the appellant.
*J. C. Hopkins* for the respondent.

*By the Court,* PAINE, J. This was an appeal from an order allowing the respondent $200 for her attorney and counsel fees, on the proceedings in the issue whether she had been guilty of adultery, which issue was made up on a pe-

tition of the husband, for the purpose of reducing the alimony, after the original decree of divorce. It is objected that as the parties were already divorced, the court had no authority under the statute to make this allowance. But we think the power still remained. The proceedings taken by the husband to re-open the litigation, were taken by virtue of sec. 28, chap. 111, R. S., 1858, which authorizes the court, after the original decree, on the petition of either party, to revise the whole matter of alimony, and expressly gives the power to " make any judgment respecting any of said matters which such court might have made in the original action." There can be no question that under sections 15 and 16, the court in the original action, would have had power to compel the husband to pay reasonable sums for her expenses in conducting the litigation. And as section 28, notwithstanding a divorce, reserves the power for the parties still to litigate concerning the alimony, we think the intent was to reserve to court the same power to protect the wife in regard to the expenses of the litigation, which it had in the original action. Otherwise a husband might by renewing the litigation in respect to the alimony, compel the wife to exhaust her entire allowance, without any power in the court to protect her.

Section 16 left the sums to be paid to the discretion of the court, and we think the discretion was properly exercised, in this case, whether it included the services of her counsel in this court or not, There is no doubt of the power of the court under that action, to compel the husband to furnish the wife the means to conduct the litigation in this court as well as in the court betow.

The order is affirmed with costs.