EFFIE FULLER *v.* BEN E. FULLER.

(*Knoxville.*  September Term, 1928.)

Opinion filed December 8, 1928.

1. DIVORCE. ALIMONY. REHEARING.

A decree for divorce and alimony may be reheard and the decree modified or changed at a subsequent term where in a case which was retained on the docket and concluded with the words "This cause will be retained in the court for enforcement of this decree whenever necessary, and either party has leave to apply." (Post, p. 697.)

2. DIVORCE. ALIMONY.

Where one of the parties in a hearing for divorce by fraud concealed his or her guilt of adultery, which would have prevented the divorce, the other party may apply and have said decree modified and changed at a subsequent term where the case was retained in court and the decree concluded with the clause "This cause will be retained in the court for enforcement of this decree whenever necessary, and either party has leave to apply." (Post, p. 698.)

Citing: Gibson's Suits in Chancery, Secs. 572 and 1104; Taylor v. Taylor, 144 Tenn. (17 Thomp.), 311; Going v. Going, 148 Tenn. (21 Thomp.), 556.

---

FROM SULLIVAN.

---

Appeal from the Chancery Court of Blount County.— HON. R. B. ROBERTSON, Chancellor.

BROWN & JOHNSON, for complainant, appellant.

GAMBLE, CRAWFORD & GODDARD, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

After a hearing upon the merits Mrs. Effie Fuller was decreed a divorce, in October, 1926, on the ground of cruel and inhuman treatment, and by way of alimony the husband was required to convey to her for life the home in Maryville in which the parties were then living and, further, the wife was given custody of the children and the husband required to pay $12.50 per week as installment alimony, the decree further providing that the husband should be allowed to see his children twice a month at suitable times and places. He was, however, restrained from trying to persuade the children away from their mother. The decree concluded with the following clause: "This cause will be retained in the Court for the enforcement of this decree whenever necessary, and either party has leave to apply."

Following the entry, on October 13, 1926, of this decree, on the 7th day of July, 1927, an intervening petition was filed in the cause by the husband, Ben Fuller, in which he recited the substance of the former decree and showed that he had complied therewith, and alleged that his former wife had on May 2, 1927, since the decree of divorce, inter-married with one Freeland Godfrey, and that on the 18th day of June following a child had been born to the former Mrs. Fuller. He charged that it thus therefore definitely appeared that Mrs. Fuller was at the time of the granting of the divorce pregnant. He alleged that he was not the father of her child, as he had not lived with her since the filing of the original bill in April,

1925. He charged that the divorce was procured by fraud under these facts, his wife having been guilty of adultery and at that time pregnant. It was further charged that her present husband was the father of the child. He sought a modification of the former decree with respect to the custody of the children and the allowance of alimony.

The Chancellor ordered the petition filed, the case reset on the trial docket and process issued for the defendant. She thereupon appeared and, in effect, admitted the material allegations of the petition, but denied the right of the court to grant the relief prayed. In this situation the court heard and granted a motion to dismiss the petition upon the ground that the court was without "jurisdiction or right to modify or change said decree in any manner, as the same was retained on the docket only for the enforcement of the decree, and that the time in which the Court could use its discretion had expired." Petitioner has appealed.

(1) It is undoubtedly the general rule that the Chancellor's power to revise a decree settling rights, except on a bill of review, or a bill to impeach for fraud, ends with the close of the term. See Gibson Suits, Sec. 572. This general rule, supported by many authorities, is relied on to sustain the action of the Chancellor. However, it is equally the rule that in all divorce cases, where the payment of alimony, or the custody of children, and perhaps some other matters, are involved, calling possibly for modification of the decree entered at the time of granting the principal relief, the Court should order that the cause be retained on the docket with leave to either party to apply for further relief. Gibson Suits, Sec. 1104. And in recent decisions of this Court this practice has

been expressly approved. *Taylor* v. *Taylor,* 144 Tenn., 311; *Going* v. *Going,* 148 Tenn., at page 556. Such a practice is particularly consistent with the distinctive nature of proceedings in divorce suits, involving as they do fundamental social conditions, the welfare of dependent children, peculiarly wards of Chancery, as well as rights between the husband and wife touching matters subject to unforeseen changes in the controlling conditions.

Moreover, divorce proceedings which involve matters of continuing, or installment, alimony and the custody of children, are distinguished from most other proceedings in that the decree is of a twofold, or double-barreled nature, disposing first of the main contention, the granting or denial of the divorce, as to which it becomes final upon its entry, and to which the general rule invoked by counsel for the defendant in this case has undoubted application,—but providing next for the disposition of the questions of alimony and child custody, as to which matters it is not only within the power, but it is the duty of the Chancellor to retain the cause subject to future decrees.

(2) In this case it appears that the modification sought relief only as to the matters which come under this second head. We are cited to no authority which recognizes the power of a Chancellor to modify a decree at a subsequent term, even with respect to matters of alimony and child custody, unless the final decree shall have expressly reserved this right. However, in the view we take of the case before us we find it unnecessary to determine that question.

As heretofore shown the Chancellor followed the proper practice and provided in the decree for the retention of the cause in the court for the enforcement thereof

whenever necessary, with leave to either party to apply. It is urged for petitioner that this was such a provision as operated to reserve to the Chancellor the power at a subsequent term to modify his decree, upon the presentation to him of facts calling for such action. On the other hand, it is insisted, and this was the view of the Chancellor, that the language employed in this decree was such as to limit this power of modification to the *enforcement* of the decree. This is the determinative question.

In view of the nature of the cause and the duty of the Chancellor, which this Court has heretofore emphasized, to retain the cause in his control generally with respect to all matters involving alimony and child custody, we think that the language employed in the provision before us should be given a liberal construction. The word "enforcement" used in this connection and under the circumstances dealt with by the Chancellor may fairly be construed to embrace modifications both positive and negative in character, tending either to decrease or enlarge the provision for alimony, or to limit or extend the exclusiveness of the control of the children by either party. In a broad and general sense these matters are incidents of the "enforcement" of the decree. The word may be fairly treated as synonymous with the execution or performance, or carrying out of its general purposes, which embraces all such re-adjustments of the rights of the respective parties as might thereafter appear to be proper. This view finds support in the concluding words, "and either party has leave to apply." This construction reconciles the action of the Chancellor with the obligation which rested on him in this particular, and at the same time meets the ends of justice.

It results that the decree dismissing the petition will be reversed and the cause remanded for proof and disposition thereof on its merits.