MARIE B. SESSUM, COMPLAINANT, APPELLEE, *v.* BEN L.

SESSUM, DEFENDANT, APPELLANT.

(*Jackson,* April Term, 1931.)

Opinion filed July 1, 1931.

Ralph Davis, for complainant, appellee.

W. C. Rodgers and O. Floyd Mathis, for defendant, appellant.

Mr. Chief Justice Green delivered the opinion of the Court.

In this cause a decree of divorce was granted to the complainant on December 26, 1927. She was awarded custody of a child born to the couple, a temporary allowance of $30 a week for the support and maintenance of herself and minor child was made, and an allowance for her attorney's fee. It was further decreed:

"That this cause be retained in court for such future orders as the court may elect to make, affecting the property rights of complainant and defendant, the support and maintenance of said minor child, Alfred Benjamin Sessum, and for all such other matters pertaining to this cause as the court may deem fit and proper."

On December 30, 1927, a decree was entered settling property rights of the parties. Certain real estate was vested in the wife, certain real estate was vested in the husband, and a division of certain personal property made. The decree then proceeded:

"It is further ordered that award heretofore made of $30 a week to be paid by defendant to complainant for the support of herself and child be changed so as to read $100 a month, the first of which payments is to be made on January 1, 1928, and monthly thereafter until otherwise ordered by the court, said payments to be made by defendant at the Manhattan Savings Bank & Trust Company's place of business in the City of Memphis, Tennessee, which amount will be received by said bank as the

agent of complainant, and by it placed to the credit of complainant.

"It is further ordered that stated award for the support of complainant and her child is final and as to all other matters and is to be treated by complainant as an acquittance of all claims that complainant has against defendant, and the cause is retained in court alone for such future orders as the court might deem fit and proper, the welfare of said minor child alone demanding and requiring the same."

On September 10, 1930, the defendant Sessum filed a petition in the case, in which he alleged that his own financial condition and that of his former wife had materially altered since the entry of the decree of December 30, 1927, and he asked to be relieved of the payment of said sum of $100 monthly for the support of the complainant and the child, or that said decree be modified so as to reduce the monthly payment at least one-half. He averred in the petition that his estate had been reduced and his earning capacity impaired and that he was no longer able to meet the monthly payments of $100 per month.

The chancellor was of opinion that he was without power to grant the relief prayed under the terms of the decree of December 30, 1927, and the Court of Appeals took the same view of the case and affirmed the chancellor's decree. We think the conclusion of the lower courts was erroneous.

The argument of counsel has been concerned chiefly with the apparently contradictory provisions of the two paragraphs heretofore quoted from the decree of December 30, 1927. In the first paragraph the monthly payments were directed to be made "until otherwise ordered by the Court." In the second paragraph it was decreed

"that stated award for the support of complainant and her child is final and as to all other matters and is to be treated by complainant as an acquittance of all claims that complainant has against defendant."

We do not feel required to undertake to harmonize these provisions of the decree. If it be conceded that the decree is final as to all claims that "complainant has against defendant" nevertheless that concession does not dispose of the application before us.

The monthly payment of $100 per month was not for the benefit of the wife but was to be made to her "for the support of herself and child."

In express terms the cause was retained in the chancery court for such further orders as the court might deem fit and proper concerning the welfare of the minor child. The court thereby retained or reserved the power, necessarily, to make such further orders as might be required to enforce the payment of this monthly allowance for the support of the mother and minor child. Upon full consideration, this court has heretofore determined that the retention or reservation of the power to enforce a decree of this nature carries with it a retention or reservation of the power to modify such a decree. *Fuller* v. *Fuller,* 157 Tenn., 697.

The previous allowance not having been made for the individual benefit of the mother but for the benefit of the mother and minor child, and the cause having been retained by the chancellor for further orders respecting the welfare of the minor child, we are satisfied the chancellor retained jurisdiction to reduce or increase the allowance upon a proper showing.

The child is young and its ultimate welfare would not be promoted by the imposition of a burden on the father, charged with the child's support, which the father could

not meet, and which might bankrupt the latter. Moreover, it would be idle to exact payments from the father, if, as a matter of fact, such payments could not be realized out of his resources and earnings. A showing like this on his part would be a defense to compulsory process to enforce the payments.

For the reasons stated, the decree of the Court of Appeals will be reversed and the cause remanded to the chancery court for answer to the father's petition and a hearing of the matters therein presented upon their merits.

The costs of the appellate courts will be paid by the father and the costs below adjudged by the chancellor.