Ruby C. Mason *v.* C. R. Mason.

*(Nashville,* December Term, 1931.)

Opinion filed December 19, 1931.

Luther H. Graves, for plaintiff in error.

Roane Waring and W. H. Borsje, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

On January 16, 1929, complainant was decreed an absolute divorce from defendant, was awarded the custody of their two children, aged ten and twelve years respectively, and the agreement of the parties as to a division of the property and compensation to be paid by defendant for the support and maintenance of complainant and said two children was made the decree of the court.

Under the terms of said agreement defendant was to have the income from a two-thirds interest which said children owned in a 205-acre farm located in Arkansas, but he was to pay $100 per month to the American Building and Loan Association of Memphis, which was to accumulate and become a trust fund for the education of said children in later years. Defendant was also to continue in force life insurance payable to said children in the sum of $30,000, at a cost of $70 per month, and in addition was to pay to complainant for the support of herself and children $272 per month.

The Arkansas farm was originally conveyed by defendant to complainant and their two children as tenants in common, and under the agreement above complainant was to convey her one-third interest in said farm to defendant in consideration of $5500, payable in monthly installments of $100, without interest.

Their home, valued at $20,000, was also decreed to complainant, as well as all of the furniture and fixtures located therein.

Defendant had previously conveyed a one-story business house in Memphis to his wife and children, the front part of which was occupied by the Piggly Wiggly Stores, and the office in the rear was occupied by defendant, who is a physician. Under the agreement defendant was to

occupy this office during his life without paying any rent. Complainant was to have all the rents from said building, which was $80 per month, but is now only $60 per month, but she was to pay taxes, insurance, and repairs, which most likely consumes all of the rent.

On July 6, 1931, defendant filed a petition in this cause in which it is alleged that on account of present economic conditions his income has been reduced about 50 per cent, and as a result he is unable to meet the payments set forth in the above decree, and asks that in these circumstances the amount of said payments be reduced.

The petition was answered by complainant, denying that petitioner was unable to comply with his agreement, and by cross-action a decree was asked for the sum then due, and that petitioner be held in contempt of court for failing to comply with said decree.

The trial court was of the opinion that the decree of January 16, 1929, was only a civil contract between the parties, enforcible by action at law, and that he was without authority or power to modify its terms and provisions, and in these circumstances could not enforce said decree by contempt proceedings. The court declined to hear evidence as to the merits of the application.

The provisions of the agreement here involved are as follows:

"Fifth: The said C. R. Mason agrees to pay to Mrs. Ruby C. Mason for her support and maintenance and support, maintenance, care and education of the aforesaid children the sum of $271.67 per month, payable on the 5th day of each month, except during the time when the custody of the children is with him, during which

time he shall pay to the said Mrs. Ruby C. Mason one-half of said amount or $136.00 per month. . . .

"Sixth: It is further agreed between the parties that upon the remarriage of the said Mrs. Ruby C. Mason the monthly award hereinabove made shall be reduced and upon the marriage or death of either of the children, the amount shall be reduced in proper proportion to the amounts paid for the support of the three above named.

"Seventh: The above agreement shall constitute a full complete settlement between the two parties, and each party hereby releases and relinquishes unto the other party any and all right, title and interest which either party now has, might have had or may hereafter have in and to the property of the other party, hereto, real, personal or mixed possession or in expectancy, now owned or hereafter acquired, and the above agreement shall constitute the entire legal claim on the part of the said Mrs. Ruby C. Mason for the support of herself and children, irrespective of any increase in the income or position which the said Dr. C. R. Mason may have or hereafter acquire or obtain."

The decree then concludes as follows:

"It is further ordered, adjudged and decreed that this cause be and the same is hereby retained in court and on the docket of this court, for all proper purposes and for changing the custody of the children from time to time, for enforcing the terms of the said decree and such other purposes as may be proper under the circumstances which may arise from time to time."

This case is quite similar in its facts to that of *Sessum* v. *Sessum,* 163 Tenn., 6, 40 S. W. (2d), 794-795, and the principles of law announced therein are applicable here.

In that case, as in this, there was a division of property, and an award of $100 per month to complainant for the support of herself and child. We have examined the original record in that case and find that there, as here, the property rights were settled by agreement of the parties. The decree in that case contained this provision:

"It is further ordered that stated award for the support of complainant and her child is final and as to all other matters and is to be treated by complainant as an acquittance of all claims that complainant has against defendant, and the cause is retained in Court alone for such future orders as the Court might deem fit and proper, the welfare of said minor child alone demanding and requiring the same."

In holding that the trial court retained jurisdiction for further orders as to support and maintenance, this Court said:

"We do not feel required to undertake to harmonize these provisions of the decree. If it be conceded that the decree is final as to all claims that 'complainant has against defendant,' nevertheless that concession does not dispose of the application before us.

"The monthly payment of $100 per month was not for the benefit of the wife, but was to be made to her 'for the support of herself and child.'

"In express terms the cause was retained in the chancery court for such further orders as the court might deem fit and proper concerning the welfare of the minor child. The court thereby retained or reserved the power, necessarily, to make such further orders as might be required to enforce the payment of this monthly allowance

for the support of the mother and minor child. Upon full consideration, this court has heretofore determined that the retention or reservation of the power to enforce a decree of this nature carries with it a retention or reservation of the power to modify such a decree. *Fuller* v. *Fuller,* 157 Tenn., 697, 11 S. W. (2d), 896.

"The previous allowance not having been made for the individual benefit of the mother, but for the benefit of the mother and minor child, and the cause having been retained by the chancellor for further orders respecting the welfare of the minor child, we are satisfied the chancellor retained jurisdiction to reduce or increase the allowance upon a proper showing.

"The child is young, and its ultimate welfare would not be promoted by the imposition of a burden on the father, charged with the child's support, which the father could not meet, and which might bankrupt the latter. Moreover, it would be idle to exact payments from the father, if, as a matter of fact, such payments could not be realized out of his resources and earnings. A showing like this on his part would be a defense to compulsory process to enforce the payments."

We are of the opinion, therefore, that the trial court retained jurisdiction in the case we are considering to modify the decree of January 16, 1929, with respect to the compensation awarded for the support, care, and education of the children, and if justified by the facts, the court should make the necessary change.

It follows that the decree of the trial court will be reversed, and the cause remanded for a hearing upon the merits. The costs of the appeal will be divided. The costs in the trial court will be adjudged on final hearing.