## BROCKMAN v. RODGERS.

Eastern Section. April, 1932.

Petition for Certiorari denied by Supreme Court, October, 1932.

Noone & Ziegler, of Chattanooga, for plaintiff in original case and defendant of petition.

Joe Frassrand, of Chattanooga, for petitioner, the defendant in original case.

SNODGRASS, J.   The appellant, within the time allowed, executed the bond and filed the bill of exceptions and has assigned errors as follows:

"I.  The Court erred in reducing the amount of monthly payments as provided in the original decree since there was no evidence to support or justify his finding that the payments should be reduced.

"II.  The Court erred in overruling plaintiff's demurrer to the petition to revise the monthly payments, and in revising the monthly payments since the Court had no jurisdiction to revise the original award for the reasons set out in the demurrer; the original decree was entered into by agreement of the parties, contemplated the remarriage of the plaintiff and was made upon consideration of plaintiff's surrender of property rights."

The second assignment goes to the technical record regarding which we think the demurrer was properly overruled.   There is nothing on the face of the petition or in the final decree or pleadings in the original cause that would repel the defendant from seeking to reduce the alimony provided for the child in any event.   The alimony originally provided was for the support of the mother and child at $100 per month until November 18, 1941; but in case of remarriage of the plaintiff it was to be reduced $25 per month, which presumably was to be continued for the child.   Even if, as by the demurrer it was sought to have the court to absolutely infer from the petition, pleadings, and decree, a contract was thus created, it was subject to the approval of the court, and the reservation had in the following terms: "This cause will be retained in court for enforcement of this decree whenever necessary," made the court's approval only tentative and reserved unto it such ample and proper jurisdiction as would have authorized the overruling of the demurrer.   Fuller v. Fuller, 157 Tenn., 697, 11 S. W. (2d), 896.

Moreover, it does not necessarily appear from the face of the decree that the waiving by the wife of all claim, right, title, or interest she might have in and to her husband's real estate was in consideration of the alimony which was allowed by the court.   It was so claimed in the answer she filed to his petition and res adjudicata was pleaded, under which it was insisted that the chancellor but decreed this contract; that the amount and character of the alimony was in consideration of her release and waiver as aforesaid.   This defense, however, went to the merits against which the first assignment

is addressed and involves a consideration of the proof, which we think we are without jurisdiction to make, because of the absence of any motion for a new trial in the court below.

Without regard as to whether or not divorce cases in the circuit court were tried under the rules of chancery practice not requiring any motion for a new trial, yet since and by the passage of chapter 94 of the Acts of 1929, section 1, carried into the new Code as section 10622 thereof, it is provided that:

"In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree. The transcript before the court of appeals in cases tried in any lower court upon oral testimony must contain a motion for new trial and bill of exceptions."

Without such motion for a new trial the appeal is abortive, at least as to all errors not shown by the technical record, even though bond and bill of exceptions are filed within the time. Upon the consideration of such a motion below the court has a very salutary chance of correcting its own errors, if such there be, and this court is entitled to the benefits of whatever elimination of questions the motion for a new trial might make with the addition of the deliberate judgment of the lower court upon the particular in which it is claimed it erred.

At any rate, the statute is mandatory and wholesome and cannot be ignored in its control of jurisdictional procedure. The record, therefore, as contained in the bill of exceptions not presenting any evidence to which we are authorized to look and giving effect to presumption that sustains the decree of the court of record, it follows that the assignments must be overruled and the judgment of the lower court affirmed, with costs against appellant and her security.

Portrum and Thompson, JJ., concur.