## AUGUSTUS B. CULLUM v. MARY PEARL CULLUM.

Middle Section. July 16, 1932.

Petition for Certiorari denied by Supreme Court, December 17, 1932.

Geo. M. Thomas, of Nashville, for plaintiff in error.
Jno. J. Hooker, of Nashville, for defendant in error.

288

FAW, P. J. Augustus B. Cullum has appealed to this Court from a judgment of the Second Circuit Court of Davidson County adjudging him in contempt of Court and committing him to jail for failing and refusing to pay alimony.

It appears from the record that Mary Pearl Cullum filed a petition in said Court, on June 15, 1929, seeking divorce and alimony from Augustus B. Cullum on two statutory grounds, viz: (1) cruel and inhuman treatment, and (2) abandonment and failure to provide; that defendant answered the petition on July 10, 1929, and denied the aforesaid charges of cruel and inhuman treatment and of abandonment and failure to provide; that on July 13, 1929, the case was tried and a judgment or decree was entered, as follows:

"This cause came on to be heard before the Honorable G. B. Kirkpatrick, Special Judge, holding the Second Circuit Court of Davidson County, Tennessee, on this the 13th day of July, 1929, upon the original bill, defendant's answer thereto, and testimony of witnesses introduced in open Court, from all of which it appears to the Court that the charge of abandonment and failure to provide as alleged in the bill, is fully sustained by the proof and that the charge of cruel and inhuman treatment is not sustained by the proof.

"It is therefore ordered, adjudged and decreed by the Court that complainant, Mary Pearl Cullum, be, and she hereby is granted an absolute divorce from the defendant upon the ground that defendant has abandoned her and turned her out of doors and has failed or refused to provide for her.

"It is further ordered, adjudged and decreed by the Court that as alimony the defendant is to pay unto complainant the sum of Sixty ($60) Dollars per month, said payments to be made Thirty ($30) Dollars on the first and Thirty ($30) Dollars on the 15th of each month. The first payment of Thirty ($30) Dollars on the 1st of August, 1929. Thereafter the payments are to be made as set forth above. These payments are to be made by defendant to complainant until and unless she remarries. At the remarriage by complainant, it is ordered, adjudged and decreed that said payments of alimony by defendant to her will cease.

"It is further ordered, adjudged and decreed by the Court that complainant herein is to be given the ownership of the dwelling and lot where she now resides at 2617 Gallatin Road, Davidson County, Tennessee. She is also to have all of the household goods and effects in said residence and the Dodge 'Senior Six' Coupe, which she now has, upon the condition, however, that complainant is to pay the remaining amounts due on said dwelling and lot and on said household goods and on said automobile, said

remaining amounts at the present time being Seven Thousand, Twenty-Four and Seventy Hundredths ($7,024.70) Dollars. In the event that complainant fails or refuses to pay any of the amounts due on said dwelling and lot, said household goods and said automobile, and defendant herein is compelled to pay any amount on any of the above mentioned property, then and in that event it is ordered, adjudged and decreed that defendant may retain out of the Sixty ($60) Dollars a month to be paid by him as alimony, as set out hereinabove, the amount or amounts he is compelled to pay on the dwelling and lot, household goods or automobile because of complainant's refusal or neglect to pay same, and he is not to pay further alimony until he has reimbursed himself the amounts he was compelled to pay because of her refusal or neglect so to do.

It is further ordered, adjudged and decreed that defendant is to pay the following bills which have been incurred by complainant:

"Grace's $42, Tinsley's $29.50, Lebeck Bros. $54.43, D. Loveman $188.37, Model Service Station $24.50, Dr. Teachout $52, Harrison Bros. $5, Grocery bill (Eagan Bros.) $71.04, Meadors Shoe Co. $31.50—total $498.34.

"All other bills incurred by complainant, she is to pay.

"It is further ordered, adjudged and decreed that the defendant will pay unto J. J. Hooker, Solicitor for complainant, the sum of One Hundred ($100) Dollars as his fee in this cause.

"It is further ordered, adjudged and decreed that defendant will pay the costs of the cause, for which let execution issue."

On June 20, 1931, Mary Pearl Cullum filed a petition in the Second Circuit Court of Davidson County alleging that defendant August B. Cullum had wilfully and without reasonable cause failed and refused to comply with the aforesaid decree of the Court, and had failed to pay the last installment due petitioner, and was thereby guilty of wilful disobedience of the orders of the Court. Petitioner prayed for an attachment for the body of defendant, which was issued and served pursuant to a fiat of the judge of said Court.

By plea in abatement and also by motion to dismiss, the defendant sought to have the petition for an attachment abated and dismissed, upon the ground that the decree awarding divorce and alimony was no longer in the breast of the Court, but had long since become final; that said decree did not retain the cause in Court, and that the Circuit Court was therefore without jurisdiction to enforce said decree for alimony by attachment and contempt process.

The Court heard the motion and took it under advisement, whereupon the defendant (by direction of the Court, we infer) filed an answer to the petition, in which answer defendant denied that he

had wilfully and without reasonable cause failed and refused to comply with the aforesaid decree of the Court, and he asserted that owing to his reduced earning capacity he is unable to pay to petitioner the amount heretofore awarded her by the Court, and that he sees no opening in the near future whereby his earnings can be increased and the amount ordered by the Court into Court by him paid.

The Court heard evidence on behalf of the parties, respectively, which consisted of oral testimony of petitioner and defendant. The petitioner Mary Pearl Cullum, after stating the contents of the decree of July 13, 1929, testified as follows:

"That the defendant had paid into Court for her support all monies due up to and including the 1st day of June, 1931, but that he had informed her that owing to financial conditions he was unable to pay the amounts due. She further testified that she has been in bad health for some time and has been and is now in the care of a doctor.

"CROSS-EXAMINATION.

"This witness testified that at the time of her separation from her husband and at the time the divorce was granted the home in which they resided was awarded to her, but that the same had a mortgage on it in the sum of about $4500; that she had for some time been receiving from her daughter, the daughter also of the defendant, who had married since the granting of the original decree and was being supported by her husband, the sum of $40 per month, as rental for part of petitioner's home; that petitioner had received from other parties, for rental of another part of the home, another $35 per month, and that the petitioner was earning at that time a salary of $40 per month for her wages."

The testimony of defendant Augustus B. Cullum was as follows:

"That he was the defendant in the divorce petition and in the contempt proceedings then being tried; that a consent decree had been entered regarding property rights between himself and the petitioner, his former wife, under the terms of which he agreed to pay, and the decree so directed him, the sum of $60 per month, payable semi-monthly; that he had paid all the payments due the petitioner up to and including the 1st day of June, 1931, but had only paid $20 on the 15th day of June, 1931, instead of $30, and had notified the petitioner that he could not pay more and could not comply with the orders of the Court;

"That since the decree of divorce had been granted he had remarried and at that time had a baby about eight months old; that for the months of March, April and May, 1931, he had received for his services approximately $468.75, of which amount

he had paid the petitioner $180, leaving a balance of $288.75, for this period of three months on which to live and support his family; that his earnings for the year 1930 had been less than $200 per month, and that out of them he had paid some of the bills which he was required to pay under the former decree of divorce.

"Said decree of divorce was read by the defendant, as follows:" (Here follows decree which we have heretofore quoted in full.)

"Defendant testified that in addition to paying the petitioner the sum of $60 per month from the 15th day of July, 1929, to the 1st day of July, 1931, in all $1380; he had paid the attorney's fee for petitioner's solicitor in the divorce case, $100, and had materially reduced the indebtedness that he owed to outside parties; that at the time the divorce was granted against him, he was indebted to other parties in sums aggregating about $4500, on which he had had to pay interest, and he had also paid a small amount on the principal of some of this indebtedness; that owing to depression in business, his income had fallen off materially; that he is a public accountant in the employ of Grannis-Blair Company, and works by the hour on such jobs as they furnish him, and that he did not know when business would pick up, but expected his income to decrease rather than increase for the balance of the year 1931.

## "CROSS-EXAMINATION.

"The witness testified that at the time he was married the second time he knew he was responsible for the payment of $60 per month to the petitioner in this case; that for many months after his second marriage he had regularly kept up the $60 per month payments to the petitioner, but was financially unable to continue them longer and did not know where he could get the money so to do; that upon the securing of the divorce by the petitioner from him, he turned all of his furniture over to the petitioner, and bought second-hand furniture for the purpose of taking care of his new wife and her baby.

"He testified that the house rent paid by him was $20 per month; that he did not own an automobile; that his wife did the cooking and housekeeping and most of the laundry work; that if he did not pay the interest on the indebtedness he owed and sometimes pay something on the principal, that his creditors would get judgments against him, garnishee his wages, and he would lose his job, that he did not know that the petitioner had been in bad health.

"That during the three months just before the filing of the petition for attachment, he had to borrow money to pay the ali-

mony for petitioner, and had no money and could not borrow any, with which to pay future installments; and that on the day of the trial he was $10 short in payments to petitioner.''

Upon the foregoing record, the trial court entered a judgment or decree on December 2, 1931, as follows:

"This cause came on to be heard before the Honorable A. B. Neil, Judge of the Second Circuit Court of Davidson County, Tennessee, on the 27th day of June, 1931, and on divers and sundry days thereafter, until the —— day of November, 1931, upon the petition of Mary Pearl Cullum for an attachment for the body of the defendant, Augustus B. Cullum, and that he be required to appear in said Court to show cause why he should not be held in contempt for wilful disobedience of the decree of the Court; and upon the motion of the defendant, Augustus B. Cullum, to dismiss said petition for attachment, requiring him to show cause why he should not be held in contempt of Court, which motion is in words and figures, as follows, to-wit:

" 'Defendant moves to dismiss the petition for attachment and to show cause why he should not be held in contempt of this Court, and for ground of motion says: The decree awarding the petitioner alimony in her divorce case against the defendant, pending in this Court and upon which this proceeding is based, was entered in this Court in June, 1929, more than thirty days before the filing of the petition herein, and said decree is no longer within the breast of the Court; and said decree did not retain the cause in Court; therefore this Court has no further jurisdiction of defendant's person in this cause, but the proper method of procedure is a suit by petitioner in another action;' which the Court was pleased to hold under advisement, and said cause thereupon came on to be heard upon the original bill and the answer of the defendant, oral evidence introduced in open Court, and argument of counsel;

"From all of which the Court is of the opinion that there is no merit in the motion of the defendant to dismiss petitioner's petition; that while the decree of divorce was, as a matter of fact, entered nearly two years prior to the filing of the petition for attachment, etc., and while said decree did not retain said case in Court, the Court is of the opinion that all of such decrees are, by law, retained in Court for their enforcement;

"And it further appearing to the Court that on the date of the filing of said petition, to-wit: June 20, 1931, that the defendant was in arrears of the amount of alimony to be paid to the petitioner, in the sum of $40, the Court is of the opinion and so decrees that the defendant, Augustus B. Cullum, shall on or before the 15th day of December, 1931, pay into the office of the

Circuit Court Clerk the sum of $170, to be disbursed by the Clerk to the petitioner, Mary Pearl Cullum, in accordance with a former decree of this Court, from which amount shall be deducted the sum of $25, which sum the Court finds that the defendant has paid into the hands of petitioner since the institution of these proceedings, leaving the net amount to be paid into the hands of the Circuit Court Clerk for and on behalf of the petitioner, the sum of $145, said sum representing one-half of the amount of alimony due petitioner by defendant up to the first day of December, 1931, less the $25 hereinbefore mentioned; and unless said amount is paid, as aforesaid, on or before December 15, 1931, the Clerk will, without any further order from this Court, issue an attachment for the body of the defendant, Augustus B. Cullum, who shall be immediately committed to the Davidson County Jail, to there serve a sentence of ten days for contempt of this Court, or until said amount is paid in full.

"The defendant will make all other payments, including the $170 accrued alimony through November 15, 1931, in accordance with a former decree of this Court, until the further orders of this Court, and the Court reserves the right to make a further order with respect to all past due and additional payments, and to hold the defendant in contempt of the Court for his failure to make such payments.

"The defendant will pay the costs incident to this proceeding.

"To the foregoing action of the Court, the defendant excepted and still excepts."

Defendant filed a motion for a new trial, but his motion was overruled, and he thereupon prayed an appeal in the nature of a writ of error to this Court, which was granted by the trial court and perfected by the defendant.

For convenience, we shall continue to refer to Mary Pearl Cullum as the petitioner, and to Augustus B. Cullum as the defendant.

Through his first assignment of error the defendant asserts that the trial court erred in overruling defendant's motion to dismiss the petition for an attachment, etc.

It will be remembered that, although it appeared without dispute that the divorce decree was entered nearly two years prior to the filing of the petition for attachment and did not retain the case in Court, the trial court was "of the opinion that all of such decrees are, by law, retained in Court for their enforcement," and thereupon ordered the attachment and commitment of defendant for contempt, unless he should pay one-half of the alimony due to the date of such decree, less a credit for $25 paid since the petition was filed.

It is well settled in this State that where a decree for divorce and alimony expressly retains the case for such future orders as the Court

may deem proper to make with respect to the payment of alimony, the Court does not lose control of the cause, and may thereafter modify the decree or attach the defendant for contempt in refusing to pay the alimony decreed, or both. Taylor v. Taylor, 144 Tenn., 311, 318, 232 S. W., 445; Going v. Going, 148 Tenn., 522, 556, 256 S. W., 890; Clark v. Clark, 152 Tenn., 431, 439, 278 S. W., 65; Brown v. Brown, 156 Tenn., 619, 624, 4 S. W. (2d), 345; Fuller v. Fuller, 157 Tenn., 697, 700, 11 S. W. (2d), 896; Sessum v. Sessum, 163 Tenn., 6, 9, 40 S. W. (2d), 794; Mason v. Mason, 163 Tenn., 520, 523, 43 S. W. (2d), 1067.

And the Court may make "all such readjustments of the rights of the parties as might thereafter appear to be proper." Fuller v. Fuller, supra, p. 701.

But, in a case where a divorce a vinculo is granted and there is a decree for alimony payable in future installments, without reservation of future control of the case, such decree cannot be modified, changed or altered after the adjournment of the term at which it was rendered. Going v. Going, 144 Tenn., 303, 308, 232 S. W., 443; Going v. Going (2nd appeal), 148 Tenn., supra, p. 555; Brown v. Brown, supra, pp. 624 and 631; Fuller v. Fuller, supra, p. 700.

In the present case, the rights and interests of minor children are not involved, the unpaid alimony was decreed to be paid in semimonthly installments, the divorce is absolute, and there was no reservation in the decree of future control of the case in order to meet new conditions. We are, therefore, of the opinion that "under the facts and circumstances shown by the record in this case, attachment for contempt is not a proper remedy, and that the appellee must enforce her claims for alimony by other appropriate proceeding." Going v. Going, 148 Tenn., supra, p. 560.

The distinction between Going v. Going, supra, and Brown v. Brown, supra, is pointed out in the opinion in the latter case at page 631.

For the reasons stated, the defendant's first assignment of error is sustained, and this makes it unnecessary to consider the remaining assignments.

The judgment or decree of the Circuit Court is reversed, and the petition is dismissed. The costs of the Circuit Court incident to the petition and the costs of the appeal will be adjudged against the petitioner Mary Pearl Cullum.

Crownover and DeWitt, JJ., concur.