CRANE v. CRANE, No. 17.—170 S. W. (2d) 663.

Eastern Section.   November 27, 1942.

Petition for Certiorari denied by Supreme Court, January 30, 1943.

W. R. Tillett, of Chattanooga, for plaintiff in error.

Cantrell, Meacham & Moon, of Chattanooga, for defendant in error.

HALE, J.   The question in this case is the jurisdiction of a Justice of the Peace in an action brought on a decree entered in a divorce case requiring a father to make certain contributions for the support of his minor child.

In Chancery at Chattanooga, Mrs. Jennie Rose Crane obtained a divorce from Erb H. Crane and was awarded the custody of their disabled daughter Katherine now nineteen years of age, and the father was directed to make certain monthly payments for the support of the child until further orders of the court and the cause was retained in court for the enforcement of the decree.   This was on March 18, 1938.   Later, a petition for contempt was filed, which resulted in an adjudication that the father pay $20 per month for five months and $15 per month thereafter until further orders of the court and the cause was retained in court "for the enforcement of this and other decrees if necessary."   This was on November 20, 1939.   Payments were in default for six months during the latter part of 1941 and the early part of 1942.   The present action was brought in the name of the minor by

her monther as next friend before a Justice of the Peace, who rendered judgment for the plaintiff. On appeal, the learned Circuit Judge first held he had no jurisdiction and dismissed the suit. Plaintiff moved for a new trial, which was granted, and the case then heard and judgment rendered for $90. An appeal in the nature of a writ of error was prayed, granted and perfected.

Errors are assigned, questioning the jurisdiction of the court below.

■ It seems to be agreed that a minor child would have no right of action unless conferred by the decree in question. Baker v. Baker, 169 Tenn. (5 Beeler), 589, 89 S. W. (2d) 763. It is argued that, so far as past-due installments are involved, the decree of the Chancery Court was final and it constitutes a debt for which an action would lie before a Justice of the Peace. There is cited the case of Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.), 1068, 20 Ann. Cas. 1061. This was an action brought in Connecticut to recover on alimony granted by a New York court. The Supreme Court held that, under the New York statute, there could be no modification of the judgment so far as past-due and unpaid installments were concerned, and that, under the full faith and credit clause of the Federal Constitution, art. 4, sec. 1, the wife should have been granted a judgment for the delinquent installments. It will be noted that this case involved alimony, not contributions for the support of a minor child.

In an opinion rendered November 23, 1940, our Supreme Court said:

"Where the divorce decree awarding the custody of the child to the mother provides that the father shall contribute to tis maintenance, it is logically held that

such a decree relates merely to the relative rights and duties of the parents toward each other. Since the child is not a party to such suit, the child's rights as against the father are not affected. Connett v. Connett, 81 Neb. 777, 116 N. W. 658.

"Whether such a decree is final, as between the father and mother, is said to depend upon its terms or upon the statute under which it is rendered. Conrad v. Conrad, 64 S. W. 674, 23 Ky. Law Rep. 1066; Stonehill v. Stonehill, 146 Ind. 445, 45 N. E. 600; Snover v. Snover, 13 N. J. Eq. 261, and other cases collected in a note, 12 Ann. Cas. 139.

"In Tennessee, by section 8446 of the Code, when a perpetual or temporary separation between a husband and wife is decreed and an order made on the husband for a suitable support of the wife or child, it is provided that the order or decree is 'to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such an allowance on cause being shown.' The decree in this case having been entered since the adoption of the Code, it is of course controlled by this statute and the charge of $8 per month against the husband for the child's support is subject to modification." Rose Funeral Home, Inc., v. Julian, 176 Tenn. (12 Beeler), 534, at pages 537, 538, 144 S. W. (2d) 755, at page 756, 131 A. L. R. 858.

Code, Sec. 8446, supra, is supplemented by Sec. 8454, which is as follows: "In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and

interest of the child or children may demand; and the court may decree that suitable support be made by the father. *Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require.*'' (Italics ours.)

■ In view of the broad terms and humanitarian purposes of these statutes, we are of opinion that the decree for the support of this minor child, even as to past-due and unpaid installments, could be modified at any subsequent term, so as to increase or decrease the allowance made, as the exigencies of the case might require.

These sections were evidently included in the Code to meet the holdings of the Supreme Court in the cases of Going v. Going, 144 Tenn. (17 Thomp.), 303, 232 S. W. 443, and Taylor v. Taylor, 144 Tenn. (17 Thomp.), 311, 232 S. W. 445.

■ ■ The Chancery Court has the right to enforce its decree by the methods pointed out in Code, Sec. 8448, and, in addition, may in proper cases, punish for contempt. This affords the maximum protection to infants. To grant any other courts jurisdiction on such judgment would be to interfere with and lessen the efficiency of the Chancery Court. We therefore hold the Circuit Judge was in error and reverse and dismiss the suit at the cost of the plaintiff below.

McAmis and Burnett, JJ., concur.