# EDNA H. THOMAS v. NORMAN A. THOMAS. —330 S. W. (2d) 583.

Eastern Section.   July 15, 1959.

Rehearing Denied September 3, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

574

Jere T. Tipton, Chattanooga, for Edna H. Thomas.

Folts, Bishop & Thomas, Chattanooga, for Norman A. Thomas.

McAMIS, P. J.   This sequel of a divorce proceeding of 1942 involves the question of future alimony payments. Both parties have appealed, Mrs. Thomas from the action of the Court in requiring her to account for child support payments heretofore received by her, Mr. Thomas from an award of $300 per month and the adjudication that he will be required to continue payments of alimony after 1962 when they were to terminate under a property settlement agreement entered into by the parties prior to the divorce. [The facts are discussed at length in an unpublished portion of this opinion.]

At the hearing on the petition, the Court decreed: That Mrs. Thomas had improperly received $2,450 for the support of the daughter after she had married but that this amount should be credited with $700 representing the expense of her wedding, leaving Mrs. Thomas owing $1,750; that future alimony payments should be increased to $300, each monthly payment, however, to be abated to the extent of $50 until Mrs. Thomas had repaid the sum of $1,750. These payments of $300 per month are to continue after 1963 notwithstanding the provisions of the settlement agreement. No further child support payments are to be made for the daughter. Upon his

graduation, two months after the hearing, payments for the support of the son were also to cease.

■■■ We can not agree that the Court erred in disregarding the provision of the contract limiting the amount of the alimony payments to $100 per month from August 18, 1958, to August 18, 1963. More serious is the question of the propriety of the Court's action in continuing the payments beyond 1963 when, under the settlement agreement and the divorce decree, they were to terminate. These questions will be discussed in the order stated.

The first question is ruled by Osborne v. Osborne, 29 Tenn. App 463, 197 S. W. (2d) 234, 236, where this Court speaking through Judge Burnett, now Mr. Justice Burnett, after carefully reviewing authorities from other states, said:

"A divorce action is really a triangular proceeding where in addition to the parties the State through the court is a quasi party. It is for this basic reason that the courts afford the fullest possible hearing in the matter and at all times must guard against collusion, fraud and any unfair practice or undue advantage that one party might take of the other. Adhering to these principles the courts do not take the agreements of the parties as conclusive but merely use them as a basis on which an alimony decree is fixed. When the circumstances of the parties change the court's decree may be changed. Code, section 8446, provides among other things that, 'the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown.' In Davenport v. Davenport, 178 Tenn. 517, 160

S. W. (2d) 406, the court held that the above Code section and section 8454 is incorporated in every divorce decree. The decree in the instant case retains the matter on the docket and open for modification."

This statement is attacked as dictum on the ground that, in that case, the contract under consideration expressly provided for revision of the amount of the award. However this may be, this court, speaking through Presiding Judge Anderson, again considered the question in Doty v. Doty, 37 Tenn. App. 120, 260 S. W. (2d) 411, 413, and relied upon the Osborne case as supporting the conclusion there again announced that such contracts are "regarded as no more than the evidence upon which the court will fix the amount" and are not so binding as to preclude the court from subsequent revisions. In the Doty case it was said:

"* * * It is true that the decree also recites: 'and the agreement with regard to the payment of $100.00 per month has been accepted by the petitioner (the wife) and is approved by the Court in lieu of any further support or maintenance for the petitioner and said child.'

"But it is beyond the power of the Court to thus deprive itself of the authority conferred by Code Section 8446 to modify the award upon a proper showing." (Citing cases.)

The cases cited in the brief, including Russell v. Russell, 3 Tenn. App. 232; Matthews v. Matthews, 24 Tenn. App. 580, 148 S. W. (2d) 3; Killibrew v. Killibrew, 24 Tenn. App. 24, 137 S. W. (2d) 953; were not cases, like the present, where the Court, having once adopted the settlement agreement, was later called upon, under the statute, to modify its provisions but were cases in-

volving the initial adoption of the agreement in the decree of divorce. It is true that cases like Mason v. Mason, 163 Tenn. 520, 43 S. W. (2d) 1067, may be found where the Court commented upon the fact that the allowance under consideration was partially for the benefit of the children of the parties. What the holding would have been if only the wife's allowance had been involved can not be known and we do not regard such cases as authority for overruling the Osborne and Doty cases.

As to the second question we are not advised what the parties and the Court in its original decree had in mind in providing for a cessation of payments on August 18, 1963, when, it would seem, the needs of the wife will be as great or greater than before that date. There may have been circumstances indicating the contrary. In any event the parties solemnly so agreed and the court so decreed. Should the Court, at this time, stay the operation of the agreement and of the decree in futuro? Should not adjudication of that question await the expiration of the period when, conceivably, it may become moot but, if not, and it is determined that the contract and decree can be so modified, the Court can weigh the propriety and wisdom of overturning the agreement of the parties against the needs of Mrs. Thomas at that time?

■ As we have seen, agreements of this nature generally are subject to future modification. They are otherwise legal and binding on the parties and are consistent with sound public policy. Russell v. Russell, supra; Matthews v. Matthews, supra; Killibrew v. Killibrew, supra. After they have been approved by the Court, they should not be lightly overturned or disregarded. Accordingly, the question as to whether alimony payments can or

should be continued after August 18, 1963, is reserved and we are not to be understood as expressing any opinion on that question.

■ Both parties assign as error the taxing against Mr. Thomas of one-half counsel fees allowed counsel for Mrs. Thomas. Mr. Thomas insists that, since the parties are no longer husband and wife, there is no longer any obligation on his part for such fees, while Mrs. Thomas insists that all of the fee should have been taxed to him.

Although we think it correct to say that it has long been the practice in such proceedings to tax counsel fees aganist the former husband, we appear to have no reported decision controlling the question.

In the absence of statute expressly reserving to the courts the power of future modification, some courts favor the view that after the divorce the parties are strangers and the husband is no longer liable for such fees. Many courts have allowed counsel fees to the divorced wife without discussing the point or relying upon power, either express or implied, in legislation dealing with the related questions of future alimony and child support payments. Still other courts take the view that the courts possess inherent power to compel the husband to pay his former wife's counsel fees. Annotation 15 A. L. R. 2d 1254, 1255; 17 Am. Jur. 715.

Where as under our own statute, T. C. A. sec. 36-820, the courts are authorized to make future modifications of the original award the view generally prevails that the subsequent proceeding is but a continuation of the original and that the legislative intent was to give the court the same power to protect the wife against defaults in payments or harassing litigation instituted by the

husband that it had in the original action. Helden v. Helden, 11 Wis. 554; Stillman v. Stillman, 99 Ill. 196, 39 Am. Rep. 21; Lamborn v. Lamborn, 190 Cal. 794, 214 P. 862.

Although, there is authority to the contrary, Barish v. Barish, 190 Iowa 493, 180 N. W. 724, we think these holdings express the sounder view and are more consonant with the underlying purpose of the statute continuing beyond the original action the power of the court to make appropriate modifications of the allowance. Whether this power should be exercised in a given case should be left to the sound discretion of the trial court.

In this case, under all the circumstances, we find no abuse of discretion in placing this burden equally upon the parties.

■ Mrs. Thomas insists that the court erred in relieving Mr. Thomas of the accumulated payments for the support of the daughter after her marriage on the ground that these payments had been paid before he applied to the court for a modification of the decree. We are unable to follow this insistence. Crane v. Crane, 26 Tenn. App. 227, 170 S. W. (2d) 663; Gossett v. Gossett, 34 Tenn. App. 654, 241 S. W. (2d) 934; Daugherty v. Dixon, 41 Tenn. App. 623, 297 S. W. (2d) 944. The decree merely requires Mrs. Thomas to do equity by restoring the amount she had improperly received.

Except as to the adjudication that alimony payments will continue beyond 1963, which is reversed and the question reserved, the decree is in all respects affirmed. The cause is remanded generally and, particularly, for a reference, if necessary, to determine and allow a proper fee for counsel for Mrs. Thomas on this appeal. Costs

will be taxed to Mr. Thomas and surety on his appeal bond.

Hale and Howard, JJ., concur.

### On Petition to Rehear

McAMIS, P. J.  Counsel for Norman H. Thomas have filed a petition seeking clarification as to whether it was intended by our former opinion to divide between the parties any amount allowed counsel for Mrs. Thomas for services rendered on appeal and asking that the Court be convened en banc to resolve an asserted conflict between our holding and Russell v. Russell, 3 Tenn. App. 232.

We see no reason for dividing counsel fees on the appeal merely because the trial court did so and it was not our intention to charge Mrs. Thomas with any part of the fee to be allowed on the remand.

As to convening the Court en banc, as pointed out in our original opinion Russell v. Russell was not a case, like the present, where the court is called upon under the statute to modify a former decree based upon a property settlement. The question in the Russell case was whether the court, in fixing alimony, could disregard a prenuptial property settlement. As pointed out in Doty v. Doty, cited and followed in our former opinion, it is beyond the power of the court to deprive itself of the authority conferred by T. C. A. sec. 36-820. The fact that Russell v. Russell was not a proceeding under the statute is sufficient to distinguish it from the present case. Accordingly, the petition to convene the Court en banc is disallowed.

Tax cost of petition to petitioner Norman H. Thomas.

Hale and Howard, JJ., concur.