**Ann Madison Jefford LESCHER,
Petitioner-Appellant,**

v.

**George Hamilton LESCHER,
Respondent-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 22, 1984.

Rehearing Denied Sept. 6, 1984.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 5, 1984.

Alan B. Wright, Watkins, McGugin, McNeilly & Rowan, Nashville, for petitioner-appellant.

James C. Hofstetter, Hofstetter & Hofstetter, Nashville, for respondent-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

In this divorce case, the plaintiff wife, Ann Madison Lescher has appealed from a judgment upon her petition to enforce previous orders for child support.

On March 22, 1971, the Trial Court entered an order providing as follows:

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the defendant, George Hamilton Lescher, will pay to the complainant, Ann Madison Jefford Lescher, *as alimony and child support*, the sum of $26.25 per week together with one-half (½) of any and all sums of money coming into his hands from any source whatsoever over the amount of $70.00 per week and not to exceed a total of $75.00 per week *as alimony and child support*. (Emphasis supplied.)

On November 5, 1973, the Trial Court awarded to plaintiff an absolute divorce and custody of four children and provided that:

It is further ORDERED by the Court that the *support and maintenance heretofore established* by the Court *on behalf of the minor children* is to remain in full force and effect.

It is further ORDERED by the Court that 40% of any and all sums of money coming into the defendant's hands from any source whatsoever as far as any type of inheritance expectancy to certain real and personal property shall be for the use and benefit of the minor children of the parties. The said George Hamilton Lescher shall be enjoined from expending beyond 60% of any such funds, when and if they do come into his hands.

It is further ORDERED by the Court that the 40% of said funds on behalf of

the minor children, when and if this occurrence comes about, should be paid to the office of the Circuit Court Clerk of Davidson County, Tennessee, and *the expenditure thereof,* on behalf of the children, *will be supervised by the Court.* (Emphasis supplied.)

On December 10, 1973, the Trial Court ordered:

(3) The provision in said decree restraining petitioner for transferring more that 40 per cent of any monies inherited by him shall remain in effect only until the youngest of the parties' children reaches the age of 18, or until all of them are emancipated, whichever occurs sooner.

On July 16, 1982, the plaintiff initiated the proceedings leading to the present appeal by filing an "Amended Petition for Contempt and for Alteration of Final Divorce Decree".

The petition alleged that the parents of defendant had revised their wills to prohibit payment of any part of the principal of their estates to defendant until the majority of his youngest child, that both parents have died, that defendant has been receiving payments out of the income of the estate of his parents, but has not paid 40% of such amount for child support as ordered by the Court, and that defendant is arrears in payment of fixed weekly child support. The petition prayed for a judgment for arrears child support, for a declaration of a constructive trust upon a portion of the estate of defendant's parents for reimbursement of petitioner for support of the children, for an increase in child support, and for a judgment of contempt.

It was stipulated that, since the death of his parents, defendant had received $26,915.00 from the testamentary trust created by his father's will and that $19,890.95 had been paid for his benefit by the trust.

The judgment of the Trial Court includes the following:

1. That income in the amount of Twenty-six Thousand Nine Hundred Fifteen Dollars ($26,915.00) has been paid directly to George Hamilton Lescher from the Trust created under the Will of George Wright Lescher since the creation of the Trust in February, 1981. Pursuant to the amended Decree entered in this cause in December 1973, George Hamilton Lescher was required to pay into Court forty percent (40%) of the sums coming into his hands from any inheritance expectancy for the use and benefit of the minor children of the parties. The defendant, George Hamilton Lescher, has failed to pay into Court any portion of said sum and is, therefore, delinquent to the extent of Ten Thousand Seven Hundred Sixty-six Dollars ($10,766.00).

2. That the parties have agreed that George Hamilton Lescher has paid directly to the Clerk of this Court the sum of One Thousand Five Hundred Dollars ($1,500.00) in excess of the weekly child support payments which this Court previously ordered. After deducting said sum from the arrearage set out above, George Hamilton Lescher is in arrears in the payment of his child support in the amount of Nine Thousand Two Hundred Sixty-six Dollars ($9,266.00).

3. That George Hamilton Lescher is, therefore, in contempt of the Orders of this Court.

5. That the petition of Ann Madison Jefford Lescher for an increase in the weekly child support payments is without merit at this time.

IT IS FURTHER ORDERED, that judgment be granted to the Plaintiff in the amount of Nine Thousand Two Hundred Sixty-Six Dollars ($9,266.00) for child support arrearages owed by Mr. Lescher.

IT IS FURTHER ORDERED, that weekly child support payments shall not be increased at this time.

Appellant states the issues on appeal as follows:

1. Did the Trial Court err in not considering overriding rules of public policy in computing the amount of the child support arrearages awarded to Appellant?

2. Did the Trial Court err in failing to exercise its equity jurisdiction and otherwise apply principles of equity in computing the amount of child support arrearages awarded to Appellant?

Appellant's brief concludes as follows:

For the reasons stated above, Petitioner-Appellant respectfully requests that this Court modify the judgment of the Trial Court so as to award the Petitioner-Appellant a judgment in the amount of Seventeen thousand two hundred twenty-two dollars ($17,222), and in all other respects affirm the judgment of the Trial Court.

The orders, quoted above, leave some uncertainty as to the precise rights and duties of the parties thereunder.

The divorce decree ordered that "the support and maintenance heretofore established by the Court *on behalf of the minor children* is to remain in full force and effect".

The March 22, 1971, order, quoted above, provides a sum for *"alimony and child support"*. Since alimony was not mentioned in the divorce decree or the petition initiating the present proceeding, it must be assumed that both parties and the Trial Court understood that "alimony and child support" was continued as child support only.

The first support order required payment of $26.25 per week together with ½ of any amount received from any source "not to exceed a total of $75.00 per week". It is not clear whether $75.00 per week was intended to be in addition to the base $26.25 per week (making a maximum total of $101.25 per week) or that the $75.00 was to be a maximum total support.

Moreover, while continuing in effect the $26.25 per week plus ½ of income over $75.00, the divorce decree changed the percentage of *inherited* funds from ½ to 40% and reserved supervision of expenditure thereof.

It appears that the divorce decree did not finally and irrevocably require the defendant to pay to the Clerk 40% of receipts from inheritance, nor does it appear that the Trial Judge found that the needs of the children were equal to the percentage named. The obvious intention of the previous order and final decree was to make some fixed determination of what defendant could and should pay under the existing circumstances and to restrain the dissipation of other future receipts until the Court could make a fair determination of the fair amount of child support in the light of improved financial circumstances.

In any event, the power of the Trial Court to adjust and award child support is well established. TCA § 36–5–101(a)(1). *Mason v. Mason*, 163 Tenn. 520, 43 S.W.2d 1067 (1931), *Brooks v. Brooks* 166 Tenn. 255, 61 S.W.2d 654 (1933).

In the light of the ambiguity just discussed, it would appear to be difficult to compute the amount of "arrears support" due.

The previous orders of the Trial Court present one additional problem, and that is the power and jurisdiction of a divorce court to require a party to pay a fixed percentage of his cash receipts into Court for an indefinite time without any limitation of total.

Since appellee does not question the judgment rendered in favor of plaintiff for "arrears support", this Court will not disturb it. However, upon remand, the Trial Court should undertake to ascertain the amount of the actual needs of the children from the date of the divorce to the date of ascertainment and the amount of support due from defendant to supply such needs, to credit against that amount the payments made by defendant and to thereby establish the accrued net liability of defendant to plaintiff for child support.

At the same time the Trial Court should ascertain and decree the amount which should be paid by the defendant in the future to supply the future needs of the children.

So long as an arrearage remains unpaid, there is no legal or equitable reason why the Trial Court should not require the de-

fendant to pay to the Clerk a percentage of all funds coming into his control. However, when the arrearage has been fully satisfied, the Trial Court should limit the required percentage payments to such amounts as will reasonably assure payment of periodic support in the reasonable future. *Mayer v. Mayer*, Tenn.App.1975, 532 S.W.2d 54.

The basic controversy on appeal is whether the defendant should be required to pay into court 40% of the $19,890.95 which has admittedly been expended on his behalf. During oral argument at the bar of this Court, counsel for appellee conceded that the amounts paid out on his behalf represent bills which appellee presented to the trustee and which the trustee paid direct to the creditor in each case.

The divorce decree referred to "sums of money coming into his hands". Appellee insists that the $19,890.95 did not literally come "into his hands". The divorce decree is not to be interpreted so literally. If so interpreted, the trustee might deposit money directly into appellee's checking account and the appellee might pay it out by check, thereby avoiding having the money come "into his hands". Also, if the decree were so narrowly interpreted, the defendant could simply take bills for all of his expenses to the trustee to be paid and thereby avoid having any money "coming into his hands".

A more reasonable and just interpretation of the decree is that it intended to require defendant to pay into court 40% of all funds available to him or *coming within his control.* This would include amounts paid out at his request or on his behalf.

It should be remembered that, in the future, funds paid into court by defendant will be credited to arrears or paid out in accordance with a pre-determined schedule. It should also be remembered that the trustee is not a party to the present proceeding. The Trial Court has attempted no more than to tell the defendant what he can and must do, and then to enforce payment through the contempt power of the Court.

Therefore, on remand, it would be proper for the Trial Judge to require the defendant to pay into Court 40% of any sums paid to or for him by the trustee to the extent that such are necessary for the satisfaction of accrued liability for past support and payments due under order of court for support in the reasonable future.

As indicated, however, an adjudication of actual need and consequent liability of defendant therefor must precede any further requirement for percentage payments.

As previously stated, it will be necessary for the Trial Court to ascertain and adjudge the liability of defendant for furnishing or contributing to the support of the children in the past. The defendant may be required to pay into court for disbursement to the plaintiff 40% of all funds paid to or for defendant by the testamentary trustee up to the amount determined to be due upon past support.

The Trial Court should also decree a fixed amount to be paid to plaintiff for future periodic child support; and the Trial Court may require continued payment of 40% of funds paid to or for defendant until past liability is satisfied and reasonable anticipated liability is secured by funds on hand in court. Upon such a point being reached, upon application of defendant, the Trial Court should make such adjustment of required payments to the Clerk as will reasonably satisfy the decreed liability of the defendant.

The judgment of the Trial Judge in favor of plaintiff for $9,266.00 is affirmed. The decision of the Trial Court to deny judgment for 40% of $19,890.95 is modified to provide that, until further order, 40% of $19,890.95 and 40% of any other funds paid to or for defendant will be paid to the Clerk for disbursement as ordered by the Trial Judge for discharging defendant's past and future liability for support of his children as ordered by the Trial Judge.

Costs of this appeal are adjudged against the defendant. The cause is remanded for

further proceedings consistent with this opinion.

Affirmed in part.

Modified in part.

Remanded.

CANTRELL and KOCH, JJ., concur.