RUTLEDGE *v.* RUTLEDGE.

(*Nashville*, December Term, 1953.)

Opinion filed May 21, 1954.

MARY GUIDI, of Memphis, for plaintiff in error.

STRAUCH & JONES, of Memphis, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The only question for our review in this case is whether or not the trial court, court of original jurisdiction, may grant the wife alimony and attorney's fees pending an appeal in the appellate court by her husband after the case has been disposed of in the trial court and is pending in the appellate court. The question is very fully and thoroughly annotated in 19 A. L. R. (2d) 703, et seq.

In addition to this question the paintiff in error has filed several other assignments of error, brief and authorities in support thereof, but these questions are not pertinent to the instant lawsuit. These questions are questions that were raised in the divorce suit and determined against the plaintiff in error. Briefly they are that these parties could not have entered into a valid marriage because the plaintiff in error takes the position in his divorce suit that he had been married many years before and had never been divorced from his previous wife and therefore he could not have entered into a valid marriage with the present defendant in error. The trial court and the Court of Appeals determined this question against the plaintiff in error. This Court has approved the conclusions of those courts by heretofore denying a petition for certiorari.

In considering the question here involved it seems that the authorities in the various jurisdictions are very much in conflict, probably due to the fact that in some States there are statutes while in other States the courts hold that there is inherent power to grant alimony and counsel fees. Some of the States have established rules particularly applicable to those States. Others have granted the prayer for alimony and counsel fees pending this appeal, they being influenced by the general rules concerning the effect of the appeal on the jurisdiction of the trial court. It is needless for us here to attempt to review these different positions because they are so well annotated in 19 A. L. R. (2d) 703, et seq., heretofore referred to.

It seems to us that regardless of statute, and as far as we know we have no statute in this State controlling the matter, it is far better practice to hold and conclude that the trial court does have the power and authority to grant alimony and attorney's fees pending this appeal because ordinarily it requires proof to establish these questions. Of course the appellate court is not a court of original jurisdiction and does not hear proof in such matters. Then too the trial court which has tried the case originally, and has lost jurisdiction of the original case because of the appeal, is familiar with the entire background and can more equitably and correctly determine what should be done in such matters. At the time that the trial court tries the case and finally determines it the trial court then of course does not know that an appeal is to be perfected and what would be necessary under the circumstances. These things must of necessity arise after the appeal is perfected. We think that a statement made in the principal case of *Maxwell* v. *Maxwell*, 67 W. Va. 119, 67 S. E. 379, 27 L. R. A., N. S. 712,

which was later followed in *Finnegan* v. *Arnold*, 1949, 133 W. Va. 221, 55 S. E. (2d) 399, 19 A. L. R. (2d) 700, is a correct statement and a statement of what should be followed in situations of the kind. We expressly adopt the rule there set forth as follows:

"It (the application for maintenance and suit money) is no part of the appeal. It is indeed a new case. Though the procedure is lateral to a case on appeal, yet it involves a matter that is independent of any question raised by the appeal.—That showing could not be made until the appeal was taken, for the showing itself is that of the dependency of the appeal and the necessity for suit money and maintenance which that appeal has caused. The making of this showing in the Circuit Court is not prevented by the appeal. That appeal affects only that which has been done by the Circuit Court. It removes the case to the appellate court for review of what the Circuit Court has already done. It does not deprive the Circuit Court of jurisdiction to make orders in the case upon matters that are distinct from the questions involved in the appeal and especially those which are in aid of the appeal."

█ In the instant case after the appeal was perfected, and after it had been determined by the Court of Appeals in the original divorce suit, the instant suit was filed requesting alimony and counsel fees for the wife during that appeal and during the pendency of the petition for certiorari in this Court. In the original suit the trial judge had allowed the woman an interest in a home that the parties owned by the entirety and allowed a small ($75) attorney's fee in the trial court. On this motion being made for alimony and attorney's fees pending the appeal the record was made up of the bill and answer and the

opinion of the Court of Appeals in the divorce case and the motion for alimony and counsel fees. The trial court allowed the defendant in error (the wife who had secured the divorce) $10 per month as alimony because the home which had been awarded her in the original decree had not been turned over to her but had been kept and was being kept by the plaintiff in error pending the appeal, and allowed her counsel $150. We think this very equitable and fair under the circumstances.

For the reasons above stated the decree and judgment of the trial court is affirmed with costs.