**Elizabeth HARRIS, Plaintiff-Appellant,**

**v.**

**James B. TURNER et al., Defendants-Appellees.**

**No. 15453.**

United States Court of Appeals
Sixth Circuit.

April 7, 1964.

John S. Wrinkle, Chattanooga, Tenn., for appellant.

Sizer Chambliss, Chattanooga, Tenn. (Goins, Gammon, Baker & Robinson, Morgan & Garner, Arvin H. Reingold, Collins & Lee, Atchley & Atchley, Dietzen, Graham & Dietzen, Chattanooga, Tenn., of counsel), for appellees.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

As well stated by the District Judge, "this controversy grows out of an episode occurring during a prolonged, tortuous and acrimonious state litigation between parents concerning the custody of their child."

The appellant, mother of the child, filed suit for $50,000 in damages alleged to have resulted from a conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. By a separate count of her complaint she sued for common law conspiracy to take away her child, alleging diversity of citizenship. The defendants-appellees are the Circuit Judge of Hamilton County, Tennessee, who made an adjudication divesting appellant of custody of the child; the District Attorney General of Hamilton County; the Sheriff of the County, the surety on his official bond and three of his deputies; the father and paternal grandparents of the child; and the Chattanooga attorney who represented the father in the protracted state litigation.

The Honorable Leslie R. Darr, Senior District Judge, sustained motions of the defendants for summary judgment and dismissed the complaint, holding that the evidence offered on the motions did not sustain claims upon which relief could be granted. The facts, as found by the trial judge, in summary are as follows:

On May 30, 1957, appellant, at the age of 16, married appellee J. B. Talley, Jr., age 26, who had been formerly married. To this union a daughter, Linda Diane Talley, was born on February 25, 1958. Soon after the birth of the child, appellant sued for and was granted a divorce from Talley in proceedings filed in the Circuit Court of Hamilton County, Tennessee, and was given custody and control of the child. Some time later appellant took her child to Ohio to reside, and the father filed a petition in accordance with Tennessee law to modify the divorce decree so as to place custody and control of the child in him. A carbon copy of this petition was received by appellant in Ohio by registered mail from the father's attorney. Circuit Judge David Tom Walker, appellee herein, conducted a hearing which was not attended by appellant, heard proof and modified the divorce decree by awarding custody of the child to the father. A few days later appellant sought to have the default judgment set aside, but Judge Walker declined to do so. Thereupon appellant filed a petition to rehear, which was denied, and perfected an appeal to the State Court of Appeals.

In the meantime the father had gone to Ohio, obtained custody of the child, and brought her to the home of his parents in Chattanooga. Appellant also returned to Chattanooga.

While her appeal was pending in the Court of Appeals of Tennessee, appellant went to the home of her former husband's parents on a Sunday afternoon and took the child to a home where she was staying in Chattanooga. A report was made to the Sheriff's office that the child had been taken away or "kidnapped." In response to this report, two deputies sheriff went to the place where appellant was staying and required her, according to the complaint, to go to the county jail on Sunday evening for the purpose of settling the difficulty. After the appellant and her child had been taken to jail, one of the deputies telephoned Judge Walker at his home to ascertain who was entitled to custody of the child. Judge Walker informed the deputy that he had awarded custody to the father and that the father was entitled to custody. The complaint avers that appellant also was placed on the telephone with Judge Walker, who said in substance that his decree awarded custody to the father and that appellant would be in contempt of court and put in jail if she did not release the child to the father. The complaint further avers that the attorney for appellant telephoned Judge Walker at his home and was told he would be fined for contempt if he advised the appellant that she was entitled to custody of the child pending the appeal. Appellant thereupon surrendered custody of the child to the father and the child has remained in the custody of the father in the home of the paternal grandparents since that time.

Thereafter, under date of December 2, 1960, the Court of Appeals of Tennessee handed down an unpublished opinion reversing the judgment of the trial court in awarding custody to the father and ordering a rehearing, on the ground that there was not proper notice to appellant of the hearing upon the petition to modify the original decree.[1]

Upon rehearing before Judge Walker, the Circuit Court of Hamilton County again awarded custody of the child to the father upon the express stipulation that the child was to reside with the paternal grandparents.[2]

1. The unpublished opinion of the State Court of Appeals recites that the petition of the father to modify the divorce decree charged the mother with "grossly neglecting" the child; that she was not a "fit and suitable person to have the custody" of such child; that she would leave the child in the custody of her parents and would go off on "sprees or missions of some sort or other without any care or concern for the welfare of the child"; and that she "had been openly and notoriously consorting with a man fifty-four years of age which tended to jeopardize the general welfare and upbringing of the child." The Court of Appeals said: "Frankly, from the technical record before us (there being no bill of exceptions) we must say that we are not greatly impressed with the character and stability of either of these parties. What gives us concern is the disposition of the custody of this little child—one of the greatest and most delicate problems that can be presented to any court. If what each of the parents says about the other is true then it may be that neither is entitled to custody. * * * So far as this record shows Mr. Talley was more interested in becoming exonerated from paying anything for the support of his own flesh and blood than he was in its welfare. * * * If Mrs. Talley was guilty of gross neglect of this child, as charged, and of immoral conduct as intimated she might have forfeited her rights. * * * It seems to us that the letter of Mr. Miller to Mrs. Talley previously quoted is not so clear and explicit as to the time the application should be submitted as should be required in such important matters where the court must, in a way, act as guardian for an infant who is caught in the swirling hatreds of its parents. * * * Under the inherent principles of equity which underlie divorce actions and matters connected therewith, we think the learned trial judge should have permitted the reopening of this case as to the custody of this child."

2. Before awarding permanent custody Judge Walker had an investigation made of the home of the paternal grandparents by the Hamilton County Humane Educational Society and found that said home

This decree likewise was appealed to the Court of Appeals of Tennessee which affirmed the award of custody of the child to the father. Talley v. Talley (1962), Tenn.App., 371 S.W.2d 152, cert. denied, Supreme Court of Tennessee, May 10, 1963, cert. denied, 375 U.S. 915, 184 S.Ct. 216, 11 L.Ed.2d 154.[3]

The nub of appellant's action in this case, as stated by the District Judge, is that her child was taken away from her by conspiracy of the defendants-appellees in a high-handed manner, under an ineffectual court decree. Appellant argues that on the Sunday when she took possession of the child and removed her from the home of the paternal grandparents and was taken into custody by the deputies sheriff, she had perfected an appeal to the Tennessee Court of Appeals from the decree of Judge Walker awarding custody to the father; that this decree entered by Judge Walker was abrogated by the appeal; that the abrogation of this decree by her appeal operated to reinstate the earlier decree under which appellant was awarded custody; and therefore appellant had the legal right to the custody of the child pending the appeal, and was deprived of her right by an unlawful conspiracy on the part of appellees.

This contention is based upon the distinction made under the law of Tennessee between an appeal in an equity case tried according to the forms of chancery and an appeal in error in a case tried according to the forms of law. It has been said that an unlimited simple appeal in an equity case tried according to the forms of chancery has the effect of vacating the decree appealed from and transferring the entire case to the appellate court where it is heard *de novo*. Fort v. Fort, 118 Tenn. 103, 111, 101 S.W. 433; Smith v. Holmes, 59 Tenn. 466, 468. See T.C.A. § 27–301. The leading Tennessee text on equity procedure states that an appeal "absolutely devitalizes a decree as an adjudication, and confers full jurisdiction on the appellate court to deal with the cause as though no decree had ever been pronounced." Gibson's Suits in Chancery (5th Edition) § 1326.[4] On the other hand, an appeal in error in a case tried according to the forms of law merely suspends the judgment of the inferior court, and does not annul or destroy it. Gilreath's History of a Law Suit (8th

---

was a suitable one. The decree of the state trial court entered by Judge Walker makes reference to an action involving appellant and the child in the Juvenile Section or Division of a Montgomery County, Ohio, Court in which a warrant was signed by the father of appellant charging her with neglect and contributing to the delinquency of the child. The decree signed by Judge Walker makes the following finding and adjudication concerning appellant:

"And from all of which the Court is of the opinion from the proof that the respondent is not the fit nor proper person to be entrusted with the care and custody of the minor child of the parties, and that she did contribute to the delinquency of the minor child during the period charged in Montgomery County, Ohio, Juvenile Court warrant; that she was guilty of immoral conduct with one Jack Harris, to whom she is now married, and that she was dating and going with the said Jack Harris and living with him from time to time while he was still married to his former wife,

Verna Harris, and that respondent's immoral affair with the said Jack Harris was the reason for Verna Harris divorcing the said Jack Harris;

"And it clearly appearing to the Court that it is in the manifest best interest and welfare of the minor child that her custody be changed from the respondent; * * *"

3. In this opinion the State Court of Appeals declined to review a ruling of Judge Walker holding appellant to be in contempt of court for taking said child out of the physical custody of the father in violation of a court order in effect at that time, but fixing no punishment therefor. This opinion also states that appellant "removed herself with the child to Dayton, Ohio, where she consorted with a married man, a Mr. Harris, whom she has since married, after his wife obtained a divorce from him."

4. In a footnote to the same section the author states that the above-quoted language is "too broad" and outlines a number of exceptions thereto.

Edition) § 445; Furber v. Carter, 34 Tenn. 1, 3.

■ Whether divorce cases are filed in the chancery court or in the circuit court, review in the Tennessee Court of Appeals is by appeal, rather than by appeal in error, and the case is tried in the appellate court *de novo*, T.C.A. § 36–830, with a presumption of correctness of the decree of the trial court unless the evidence preponderated against it. Clardy v. Clardy, 23 Tenn.App. 608, 136 S.W.2d 526; Greene v. Greene, 43 Tenn.App. 411, 309 S.W.2d 403.

Upon these authorities appellant contends that the decree awarding custody of her child to the father was annulled and abrogated by the appeal to the Tennessee Court of Appeals. We are cited to no Tennessee case holding that a judgment of a trial court in a divorce case awarding custody of children is abrogated and annulled by appeal. There is no provision to that effect in the state divorce statutes, T.C.A., Chapter 8, Title 36.

■ Although the statute provides that review of divorce cases shall be by appeal, T.C.A. § 36–830, a divorce action is statutory and is not a proceeding in equity in the traditional sense. As said by the Supreme Court of Tennessee, speaking through the late Chief Justice Grafton Green in Lingner v. Lingner, 165 Tenn. 525, 530, 56 S.W.2d 749, 751: "Although a divorce suit is in the nature of a suit in equity * * * nevertheless a divorce suit is *sui generis*. The procedure is largely controlled by statute. Pleading and practice in divorce cases, as governed by statute, differ in many particulars from pleading and practice in equity cases generally. * * * 'such cases stand upon grounds peculiar to themselves, and do not fall within the ordinary rules governing chancery proceedings.' Hackney v. Hackney, 28 Tenn. (9 Humph.) 450."

■ If the Legislature of Tennessee had intended for an appeal in a divorce case to abrogate the decree of the trial court awarding custody of children, surely an express provision to that effect would have been written into the statute. T.C.A. § 36–828 negatives any legislative intent that decrees awarding custody of children and providing for their maintenance and support are abrogated by appeal. This statute states that "such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require," a provision which is incorporated into every divorce decree without express recitation therein. Davenport v. Davenport, 178 Tenn. 517, 160 S.W.2d 406. Under this statute the trial court exercises continuing control over the custody of a minor child after the divorce decree otherwise has become final. Crane v. Crane, 26 Tenn.App. 227, 170 S.W.2d 663.

We cannot believe that the Tennessee courts would hold that an appeal in a divorce case abrogates the adjudication of custody made in the decree of the trial court. To the contrary see Rutledge v. Rutledge (1954), 196 Tenn. 438, 268 S.W.2d 343, approving the annotation in 19 A.L.R.2d 703. In Russell v. Russell, 3 Tenn.App. 232, 235, involving a different question, the Court said: "It is true that an appeal in equity cases vacates the decree of the trial court. * * But the rule just stated does not apply in divorce cases."

■ In determining questions of custody, the primary concern of the court is the welfare of the child, Kenner v. Kenner, 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E, 587, rehearing denied, 139 Tenn. 700, 202 S.W. 723, L.R.A.1918E, 587. Assuredly it would not be in the best interest of children to leave them to conflicting demands of embittered parents pending the appeal from a decree awarding custody. Since there was no supersedeas or other proceeding to vacate the order of custody, we hold that the decree of the State Circuit Court in this case awarding custody of the child to the father remained in effect pending action by the State Court of Appeals on the appeal and was in effect at the time appellant came and took the child.

■ After the awarding of custody of a child to one parent by judicial decree with the full knowledge of the other parent, the forcible or surreptitious removal of the child by the other parent amounts under Tennessee law to kidnapping. Hicks v. State, 158 Tenn. 204, 12 S.W.2d 385; Johnson v. Johnson, 185 Tenn. 400, 406, 206 S.W.2d 400, 403.

We now come to the question of whether the District Judge was correct in sustaining the motions for summary judgment filed by appellees.

■ As stated by the District Judge, "the control of domestic relations, including marriage, divorce and the right to determine which parent shall have the custody of a child, are matters for determination by the state courts." See In re Burrus, 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500.

Appellant undertakes to bring this action within the scope of federal jurisdiction by making general allegations of a conspiracy to violate her civil rights within the purview of 42 U.S.C. §§ 1983 and 1985. Beneath the generalizations there seems to be a charge that these appellees conspired to deprive appellant of the equal protection of the laws in violation of § 1985(3).

As found by the District Court:

"The record discloses, without dispute, that the child was taken from the mother and came to the father by virtue of the decree entered by Judge Walker on application to modify the original judgment. There is no allegation in the complaint or in the proof disclosing a conspiracy among the defendants to have the decree entered, nor of a conspiracy to do an intentional wrong in the actions taken after the decree was entered and the appeal taken."

The conduct of appellees obviously came about by virtue of the court decree which was in effect at that time. While some of the actions by some of the appellees may have been hasty and lacking in tact, the record does not establish any purpose on the part of appellees to deprive appellant of any rights within the scope of said statutes. See Hanna v. Home Insurance Co., 281 F.2d 298 (C.A. 5), cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747, rehearing denied, 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247. We agree with the District Judge there is no showing in this case of any conspiracy for the purpose of depriving appellant of the equal protection of the laws or any other constitutional rights.

We further agree with the District Court that appellant has failed to establish any right of action for common law conspiracy.

■ Since we find upon the record in this case that no unlawful conspiracy existed on the part of appellees, it is not necessary to reach the question of the immunity of the State Circuit Judge, the District Attorney General or the Sheriff and his deputies.

The judgment of the District Court is affirmed.