**Sam Lewis MITTWEDE, Complainant, Cross-Defendant, Petitioner,**

**v.**

**Judith Ellen Daughtrey MITTWEDE, Defendant, Cross-Complainant, Respondent.**

Court of Appeals of Tennessee, Middle Section.

Oct. 31, 1969.

Bomar, Shofner, Bomar & Irion, Shelbyville, for plaintiff in error.

Edward Witt Chandler, Memphis, for defendant in error.

## OPINION

TODD, Judge.

The complainant-cross-defendant, Sam Lewis Mittwede, has filed in this Court two petitions for certiorari seeking relief from actions of the Trial Court supplemental to a final decree of divorce. Said petitions allege the following facts:

On August 5, 1968, the Trial Court awarded to the cross-complainant, Judith Ellen Daughtrey Mittwede, a decree of divorce, custody of a minor child and child support. This decree was reviewed and affirmed by this Court on writ of error.

On January 14, 1969, cross-defendant filed a petition to change custody, which petition has not yet been disposed of.

On March 29, 1969, the Trial Court entered an order changing custody of the minor child from the cross-complainant mother to the maternal grandparents. An appeal from said order is now pending before this Court.

On September 8, 1969, cross-defendant obtained physical possession of the minor child and declined to return the child to its maternal grandparents.

On September 10, 1969, cross-defendant was served with a petition for contempt and an instanter order upon authority of which the child was taken from the custody of cross-defendant and delivered to the maternal grandfather. Cross-defendant was arrested and required to make bond on a contempt citation and was served with a mandatory injunction.

The citation for contempt has not yet been heard or disposed of in the Trial Court.

Said petitions for certiorari seek an order of this Court suspending and superseding all orders of the Trial Court in this cause and removing the custody of the minor child from its maternal grandparents into the hands of cross-defendant.

Upon the contents of the petitions, heretofore summarized, and that part of the technical record which is before this Court, several pertinent observations should be made.

The original divorce decree granted *exclusive* custody of the adopted child of the parties to the mother and enjoined both parties from "tampering" with the child. Even visitation rights of the father were suspended for 30 days and permitted thereafter only by consent of the parties or by order of the court.

There was no appeal from said decree within the time allowed by law, hence said decree is valid, subsisting and enforceable until modified or vacated by the Trial Court or an appellate court.

The decree of March 29, 1969, from which appeal was taken, was entered at a time when a writ of error was pending before this Court; and it expressly dealt only with *temporary custody,* and visitation privileges, reserving permanent custody until a later date.

The pleadings of petitioner have repeatedly insisted that the first (August) decree was unenforceable because of the pendency of a writ of error in lieu of an unperfected appeal. This insistence is unsound. § 27–611, T.C.A. Said insistence has apparently now been abandoned in favor of an insistence that the "whole case" was transferred to this Court by the appeal from the March 1969 temporary custody

decree. This insistence is likewise unsound, for the said appeal brought to this Court for review only the decree from which appeal was made and not a previous final decree. Gilchrist v. Cannon, 41 Tenn. 581 (1860); Guion v. Nat. Bank of Commerce, 31 Tenn.App. 540, 218 S.W.2d 739 (1948); Fox v. River Heights, Inc., 22 Tenn.App. 166, 118 S.W.2d 1104 (1938).

■ Equally unsound is the insistence that the appeal now pending vacated or abrogated the March decree or deprived the Circuit Court of power to enforce said decree or to make further appropriate orders relating to the welfare of the minor child.

According to the weight of authority, the appeal of a dissatisfied parent does not tie the hands of a Trial Judge and prevent his continued concern and protection of a ward of the court pending appeal. 27B C.J.S. Divorce § 324(2), pp. 734 et seq.; 4 Am.Jur.2d, Appeal & Error, § 386, p. 835. Such an appeal does not transfer to the distant appellate court the continuing supervision of the welfare of the child. Pending appeal, the day to day supervision of child custody and support must be left to the Trial Judges, subject only to the extraordinary remedy of certiorari and supersedeas in event of clearly illegal or arbitrary actions at the trial level.

In Rutledge v. Rutledge, 196 Tenn. 438, 268 S.W.2d 343 (1954) the Supreme Court of Tennessee held that the Trial Court had jurisdiction and power to hear an application for alimony and attorneys' fees pending appeal, even though the divorce case itself was pending on certiorari to the Supreme Court. The reasoning of the decision in *Rutledge* is equally applicable to the situation of child custody and maintenance pending appeal.

Of considerable import is the opinion of the U. S. Circuit Court of Appeals in the case of Harris v. Turner, 329 F.2d 918 (6 Cir., 1964) (certiorari denied by U. S. Supreme Court). That case arose when a Tennessee circuit court awarded custody of

a child to the husband and the wife appealed to the Tennessee Court of Appeals. Pending appeal, the wife obtained custody of the minor child, but was required to relinquish possession under threat of contempt proceedings in the Circuit Court.

In rejecting the suit of the wife for alleged violation of her civil rights, the U. S. Circuit Court of Appeals said:

". . . appellant contends that the decree awarding custody of her child to the father was annulled and abrogated by the appeal to the Tennessee Court of Appeals. We are cited to no Tennessee case holding that a judgment of a trial court in a divorce case awarding custody of children is abrogated and annulled by appeal. There is no provision to that effect in the state divorce statutes, T.C.A., Chapter 8, Title 36.

"[2] Although the statute provides that review of divorce cases shall be by appeal, T.C.A. § 36–830, a divorce action is statutory and is not a proceeding in equity in the traditional sense. As said by the Supreme Court of Tennessee, speaking through the late Chief Justice Grafton Green in Lingner v. Lingner, 165 Tenn. 525, 530, 56 S.W.2d 749, 751: 'Although a divorce suit is in the nature of a suit in equity * * * nevertheless a divorce suit is *sui generis*. The procedure is largely controlled by statute. Pleading and practice in divorce cases, as governed by statute, differ in many particulars from pleading and practice in equity cases generally. * * *. "such cases stand upon grounds peculiar to themselves, and do not fall within the ordinary rules governing chancery proceedings." Hackney v. Hackney, 28 Tenn. (9 Humph.) 450.'

"[3, 4] If the Legislature of Tennessee had intended for an appeal in a divorce case to abrogate the decree of the Trial Court awarding custody of children, surely an express provision to that effect would have been written into the statute. T.C.A. § 36–828 negatives any legislative

intent that decrees awarding custody of children and providing for their maintenance and support are abrogated by appeal. This statute states that 'such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require,' a provision which is incorporated into every divorce decree without express recitation therein. Davenport v. Davenport, 178 Tenn. 517, 160 S.W.2d 406. Under this statute the trial court exercises continuing control over the custody of a minor child after the divorce decree otherwise has become final. Crane v. Crane, 26 Tenn.App. 227, 170 S.W.2d 663.

"We cannot believe that the Tennessee courts would hold that an appeal in a divorce case abrogates the adjudication of custody made in the decree of the Trial Court. To the contrary see Rutledge v. Rutledge (1954), 196 Tenn. 438, 268 S.W.2d 343, approving the annotation in 19 A.L.R.2d 703. In Russell v. Russell, 3 Tenn.App. 232, 235, involving a different question, the Court said: 'It is true that an appeal in equity cases vacates the decree of the trial court. * * * But the rule just stated does not apply in divorce cases.'" 329 F.2d, p. 922.

■ In the present case, the cross-defendant complains in his petitions for certiorari that the instanter order depriving him of possession of the child was entered without notice of hearing; however, this complaint cannot be examined in depth because of the incomplete condition of the record. Under the available record, the order appears to have been justified and necessary to enforce the previous order of the court and to restrain the admitted misconduct of cross-defendant. The instanter order simply required obedience of the previous order of court and suspended the visitation rights which were the occasion and means of the admitted violation of the previous order (retaining possession of the child).

■ Cross-defendant complains bitterly that he has been deprived of visitation privileges with his adopted son for many months and that the hospitalization of the mother for mental illness entitles him to have custody of the child in preference to the maternal grandparents. In such a case, the placing of custody of the child was a serious exercise of discretion on the part of the Trial Judge which will be reviewed upon the record when the appeal from the March 27 order is argued and submitted to this Court.

In the order of March 27, 1969, cross-defendant was allowed visitation privileges which, by his own admission, he abused.

Amorous excursions of cross-defendant, accompanied by his son of tender years, constituted part of the grounds upon which the divorce was granted. Cross-defendant has in his pleadings continuously denied the power and jurisdiction of the Trial Judge to enforce his decrees. He admits that he has acted in willful violation of an order of the Trial Judge.

Such conduct is not conducive to confidence in petitioner as a custodian of a child under the orders of the court.

In Chaffin v. Robinson, 187 Tenn. 125, 213 S.W.2d 32 (1948) and Churchwell v. Callens, 36 Tenn.App. 119, 252 S.W.2d 131 (1952) it was held that courts have inherent power, even duty, to punish for contemptuous disobedience of orders, and that advice of counsel or ignorance may mitigate but do not excuse contempt. Both cross-defendant and his counsel would do well to be better informed as to the facts and law applicable thereto before advocating or committing a willful violation of an order of a court of law.

This Court is not without sympathy for an adoptive father who says he desires the company of his adopted son. Neither is this Court unmindful of the need of a little boy to have the company of a man whom he can respect as a father.

At such time as the cross-defendant and his counsel may demonstrate to the Trial Judge such an attitude of respect for the orders of the court as would justify the expectation that such orders would not again be abused and violated, the Trial Court will doubtless reestablish visitation privileges and hear the petition for modification further upon its merits.

The petitions for certiorari and supersedeas present no meritorious grounds for granting the relief prayed for therein. Said petitions are therefore denied and all costs incident thereto are taxed against the petitioner.

Except for the phases of the case now awaiting appellate review, the cause will remain in the Trial Court for further appropriate proceedings.

Petitions denied.

SHRIVER, P. J., and PURYEAR, J., concur.