## L. C. GOING *v.* BIRDIE M. GOING.

### (*Jackson,* April Term, 1921.)

1. **DIVORCE. Decree for alimony, made without reserve, cannot be changed after it becomes final.**

   A decree for alimony in a case of divorce *a vinculo,* made without reserve, though payable in installments, cannot be changed or altered after it becomes final, which is after the adjournment of the court, consequently, where there was no reservation of the right to modify, a decree for alimony payable in installments cannot be modified more than a year after rendition. (*Post, pp.* 308, 309.)

2. **DIVORCE. Judgment for alimony becomes final after term of court at which rendered.**

   A judgment for alimony in an action for divorce *a vinculo* becomes final after the term at which it was rendered. (*Post, pp.* 308, 309.)

   Cases cited and approved: Mayer v. Mayer, 154 Mich., 386; Sampson v. Sampson, 16 R. I., 456; Livingston v. Livingston, 173 N. Y., 377; Kamp v. Kamp, 59 N. Y., 220; Erkenbrach v. Erkenbrach, 96 N. Y., 456; Ruge v.Ruge, 97 Wash., 51.

3. **DIVORCE. Decree awarding alimony in conjunction with divorce a mensa et thoro may be modified.**

   Decree allowing alimony in connection with divorce *a mensa et thoro* may be changed after expiration of the term at which the decree was rendered without statutory authority or reservation of power to modify, inasmuch as power to amend such award existed at common law. (*Post, p.* 309.)

4. **APPEAL AND ERROR. Divorce. On appeal from decree of chancellor respecting alimony, bond must be executed; no complaint of error in appellant's favor.**

Shannon's Code, section 4896, declaring that, where decrees are for a specific sum of money, the appeal bond shall be for the amount of the claimed damages and costs, has reference to decrees for alimony of the chancery court; so, where alimony was due from petitioner, who unsuccessfully sought modification of the decree, petitioner, who was allowed to deposit note in lieu of giving bond, etc., cannot complain of the requirement. (*Post, pp.* 309, 310.)

Cases cited aand approved: Bilbo v. Allen, 51 Tenn., 31; Chenault v. Chenault, 5 Sneed, 248.

Code cited and construed: Sec. 4896 (S.).

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— Hon. F. H. Heiskell, Chancellor.

Ewing, King & King and L. W. Taylor, for appellant.

W. C. Rodgers, for appellee.

Mr. Justice Hall delivered the opinion of the Court.

On June 24, 1919, L. C. Going filed his petition in this cause against his wife, Birdie M. Going, in the chancery court of Shelby county seeking to have a decree for alimony rendered in favor of his wife by that court on July 11, 1919, vacated or modified, on the ground that there had been a change in the *status* of the parties since the rendition of said decree that warranted such action.

On June 24, 1919, the defendant to said petition, Birdie M. Going, filed her bill against her husband, L. C. Going in the chancery court of Shelby county seeking a

divorce from him on the following grounds: (1) Abandonment and failure to provide; and (2) adultery.

The husband did not make any defense to this bill, but permitted an order *pro confesso* to be taken against him.

The cause was finally heard by the chancellor on July 11, 1919, when an absolute divorce was decreed the wife, and the bonds of matrimony then subsisting between her and her husband were dissolved. She was also decreed the custody of their two minor children, both of whom were living with the wife at the time the divorce was granted. These children were Maurice, aged 17 years, and Lorraine, aged 14 years. The decree further adjudged as follows:

"And it further appearing to the court that the defendant is a man of learning and ability, with large earning capacity, and the petitioner is practically without means and is now working to (support) her self and family.

"It is therefore ordered, adjudged, and decreed by the court that the bonds of matrimony existing between the petitioner and the defendant be, and the same are dissolved. . . .

"It is further ordered and adjudged by the court that the defendant, L. C. Going, as permanent alimony, pay to the petitioner, Mrs. Birdie M. Going, the sum of $4,000 cash, which has this day been done, and the receipt of which is acknowledged, and that the said L. C. Going pay into the hands of the clerk and master of this court on July 1, 1920, the sum of $1,800 for the support and maintenance of the petitioner, Mrs. Birdie M. Going, and that the said L. C. Going also pay into the hands of

the clerk and master of this court, for the petitioner, the sum of $150 per month, beginning August 1, 1920, and on the 1st of every month thereafter during the lifetime of the petitioner."

The petition of the husband filed in this cause alleges that since the granting of said divorce and alimony the *status* of his wife has changed, so as to render the payment of further alimony by him under said decree unnecessary; that one of her children has married, and her family expenses have been greatly reduced; that she has come into possession of certain property from her deceased father's and brother's estates, which together with certain property which petition had given her prior to the granting of the divorce, and the permanent alimony decreed to her by the court in said divorce proceeding, was sufficient for her support.

The petition prayed that petitioner be relieved from paying any further sums to the complainant under said decree, or that said decree at least be modified, so as to relieve petitioner from a portion of the payments required by said decree.

Mrs. Going answered the petition, setting forth what properly had come into her possession from the estates of her father and brother since the divorce was granted, as well as that received from the petitioner prior to the granting of the divorce, and denied that the income from said property, including the payments to be made by petitioner under the decree, was more than sufficient to support herself and unmarried daughter, who was then 15 years of age, and who was living with her in the city of Memphis.

On or about November 23, 1920, and before the petition of the husband had been acted upon, the wife filed her petition in said cause, alleging that her husband had never paid the $1,800, which the court decreed he should pay on or before July 1, 1920, but had willfully refused to pay said sum, and had also willfully refused to pay to complainant the monthly sum of $150 since August 1, 1920, as provided by said decree. This petition was supported by affidavits, and it alleged that petitioner, L. C. Going, had willfully disobeyed the decree of the court, and was in contempt of the court as a result of said disobedience, and the petition prayed for an attachment of his body, and that he should be required to answer and show cause why he should not be held in contempt of court.

The husband answered this petition, setting forth certain reasons why he was not in contempt of court by failing to pay said $1,800 together with the subsequent accruing monthly installments, which reasons we deem unnecessary to set out in this opinion.

The cause was heard by the chancellor upon the pleadings and oral proof on February 4, 1921, when it was decreed that no reason was shown that would warrant the court in changing or modifying the terms of the former decree, and the petition of the husband was dismissed; and it appearing that the husband, L. C. Going, was in arrears in the payment of alimony due his wife under the divorce decree to the amount of $2,850, it was ordered, adjudged, and decreed that he pay into the hands of the master of the court said sum within ten days from the date of said order.

To this decree or order the petitioner, L. C. Going, excepted, and prayed an appeal to this court, which

appeal, was granted upon condition that he enter into bond with good and solvent sureties in the sum of $3,500 to secure the payment of the amount of alimony then in arrears, and which he had been ordered to pay into the hands of the master of the court, and the costs of the cause, in the event he failed to successfully prosecute his appeal. This order was subsequently, on the same day, modified, to the extent of allowing petitioner, L. C. Going, to deposit with the master, in lieu of the $3,500 appeal bond a certain solvent note for the sum of $2,500, executed by H. M. Lovewell and Eugenia Lovewell, to be held and collected by the master and the proceeds retained pending the final determination of said cause in the supreme court, and in the event the petitioner, L. C. Going, should be successful in his appeal to the supreme court, then the master should pay the proceeds of said note over to him; otherwise the proceeds of said note should be applied to the satisfaction of the decree for $2,850, which had been rendered against said Going.

L. C. Going never executed the $3,500 appeal bond, but deposited with the master of the chancery court the $2,500 note in lieu of said bond. He also executed the usual and ordinary appeal bond in the sum of $250, conditioned to pay such costs as might be adjudged against him in the event he failed to prosecute his appeal with effect.

The petitioner has assigned the action of the chancellor in not vacating and modifying the decree in favor of his wife for alimony, and in dismissing his petition, or error.

We think the decree of the chancellor must be affirmed. The authorities generally sustain the proposition that a decree for alimony in a case *a vinculo*, made without re-

serve, although payable in installments, cannot be changed or altered after such decree becomes final, which is after the adjournment of court. *Mayer* v. *Mayer,* 154 Mich., 386, 117 N. W., 890, 19 L. R. A. (N. S.), 245, 129 Am. St. Rep., 477; *Sampson* v. *Sampson,* 16 R. I., 456, 16 Atl., 711, 3 L. R. A., 349; *Livingston* v. *Livingston,* 173 N. Y., 377, 66 N. E., 123, 61 L. R. A., 800, 93 Am. St. Rep., 600; *Kamp* v. *Kamp,* 59 N. Y., 220; *Erkenbrach* v. *Erkenbrach,* 96 N. Y., 456; *Ruge* v. *Ruge,* 97 Wash., 51, 165 Pac., 1063, L. R. A., 1917F, 721, and the cases there cited.

There is no reservation in the decree in the instant case giving the court the right to modify it as to alimony. We have no statute in this State which gives the court any such authority. The decree was rendered more than a year before the present petition was filed by the husband, and had become final. Like other final decrees, it was beyond the control of the court, and could not be modified at a subsequent term.

It would seem that the rule is different in cases of an allowance of alimony granted in conjunction with a divorce *a mensa et thoro.* In such cases a modification may be made, even in the absence of statutory authorization, inasmuch as power to amend such an ward existed at common law. R. C. L., section 92, 60 Am. Dec. 668, note.

It is next insisted that the chancellor committed error in requiring the petitioner, L. C. Going, to execute a bond in the sum of $3,500 as a condition to his right to appeal, or to deposit with the master of the court the $2,500 note in lieu of said bond on the condition hereinbefore named.

We are of the opinion that there is no error in the action of the chancellor requiring the execution of the bond referred to. It is expressly provided by section 4896 of Shannon's Annotated Code as follows:

"Where decrees are for a specific sum of money and against the party in his own right, the appeal bond shall be for the amount of the decree and damages and cost."

The foregoing section has reference to decrees or judgments in the chancery court. *Bilbo* v. *Allen*, 4 Heisk., 31, 34; *Chenault* v. *Chenault*, 5 Sneed., 248.

Having elected to deposit with the master the $2,500 note in lieu of the execution of the bond for $3,500, appellant cannot complain.

The decree of the chancellor is affirmed, with costs.