# PERRY *v.* PERRY.

## (*Nashville*, December Term, 1945.)

### Opinion filed March 2, 1946.

GEORGE H. CATE, of Nashville, for plaintiff in error.

RUTHERFORD & RUTHERFORD, of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In 1938 the plaintiff, Iris Aylene Perry, was granted a divorce from the defendant, Grover J. Perry, in the Circuit Court of Davidson County. Following an agreement made between the parties before decree, the court directed the payment to the plaintiff by the defendant of alimony in the sum of $30 a month during the lifetime or until the remarriage of the former. The petition filed in this case avers that these payments have since been made for a period of about seven years.

This petition is filed by Perry asking "that the decree for alimony be suspended or satisfied in full." Mrs. Perry answered setting up the aforesaid contract between the parties, the decree of the court approving that con-

tract, and challenging the jurisdiction of the court to modify its former decree. As appears from statement of counsel, the court heard the case on the petition and answer without proof, and adjudged that Perry might pay his former wife $1,000 in discharge of his obligations under the decree for divorce and alimony. Mrs. Perry has appealed.

In this court Mrs. Perry takes the position that since the decree of divorce contained no provision retaining the cause in court, it was final and the court was without power to alter it. For this she relies on *Going* v. *Going*, 144 Tenn. 303, 232 S. W. 443. Such was the law at the time of that case—1921. Since that time the Code of 1932 was enacted and section 8446 is as follows: "Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown."

The power of the court at a future date to modify the provisions in a divorce decree for the support of the wife or children cannot now be gainsaid. The statute keeps the cause in court as effectually as that could be accomplished by express retention thereof.

In this argument before this Court, counsel for Mrs. Perry contended that regardless of the foregoing her right to the continuing payment of $30 a month was secured to her by contract approved by the court and incorporated in the divorce decree. Counsel for Perry

averred in the petition for modification that an agreement to pay alimony for the life of the wife was against public policy.

■ Without passing on this contention, we are satisfied that the agreement or contract made by these parties respecting alimony was against public policy and unenforceable for another reason. The contract was entered into before the decree of divorce and contained the following provision: "It is further agreed that this cause (the divorce suit) may be tried at any time after the date of this paper and that either party may desire and it may be tried as an uncontested case insofar as the defendant Grover J. Perry is concerned."

■ It is uniformly held that collusion between parties to an action for divorce will require the dismissal of such a suit. Consequently an agreement that defendant will not oppose or defend such a suit is void as against public policy and bars the action. 17 Am. Juris., Divorce & Separation, sec. 191; 27 C. J. S., Divorce, sec. 65, p. 622, and numerous cases collected in notes, 2 A. L. R. 706; 109 A. L. R. 842; 11 Ann. Cas. 378; 44 L. R. A. (N. S.) 385.

■ ■ In granting the divorce herein the court doubtless overlooked the provision of the contract that the cause might "be tried as an uncontested case insofar as the defendant Grover J. Perry is concerned." Otherwise the bill would likely have been dismissed. The divorce, however, was granted, seven years have elapsed, and it is too late to question that result. When it is sought, however, to enforce such contract, void against public policy, obviously the court will give no aid. The decree of divorce recites that it was made upon the pleadings and evidence and we take it that the award of $30 a month was justified by the evidence heard. The approval of contracts respecting alimony is everywhere conceded to be within the

discretion of the court. In this jurisdiction such contracts are regarded as merely furnishing evidence upon which the court will fix the amount of the award.

"The fact that the amount of the alimony awarded to the petitioner was agreed upon by the parties, after the entry of the judgment of divorce, but before the entry of the judgment for alimony, the agreement being set out in the latter judgment, does not change the nature of the defendant's obligation, nor affect the power and jurisdiction of the court in the enforcement of its judgment. The agreement of the parties merely supplied the evidence upon which the court fixed the amount of the award." *Brown* v. *Brown*, 156 Tenn. 619, 632, 4 S. W. (2d) 345, 348.

As heretofore noticed, this petition for modification of alimony was disposed of by the court below without hearing any evidence. This was error. The pleadings herein do not show that there has been any change in the circumstances and conditions surrounding the parties since the decree fixing the amount of alimony was made. Any application for a change in provisions for alimony must be supported by some reasons. The equities of the present situation must be developed and shown to justify an alteration of the terms of the previous decree.

The judgment of the trial court will be reversed and this cause remanded for another hearing on which Grover J. Perry may amend his petition and on which proof will be heard. The costs of this Court will be divided and costs below adjudged by the trial court upon the final disposition of the case.