## DOTY v. DOTY.—260 S. W. (2d) 411.

Western Section. May 28, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

W. W. Lackey, of Savannah, for plaintiff in error.

Ross & Ross, of Savannah, for defendant in error.

ANDERSON, P. J.  This cause originated as a divorce proceeding filed by Maxine Doty against her then husband, Dr. O. C. Doty.  Upon the trial of that proceeding, Mrs. Doty was granted an absolute divorce and awarded custody of the minor child of the parties by a decree entered on March 24, 1949.  The decree likewise approved an agreement of the parties that Dr. Doty should pay the sum of $100 per month for the support of Mrs. Doty and the child.  On February 26, 1951, Dr. Doty filed a petition, alleging that the circumstances of the parties have changed in certain respects, and praying that the award made in the original decree be reduced.  To this petition Mrs. Doty filed an answer, in which was incorporated a demurrer.  There was filed as an exhibit to this pleading a written agreement entered into by the parties prior to the granting of the divorce, by the terms of which they purported to settle certain property rights and agree

upon the amount Dr. Doty should pay for the support and maintenance of his wife and his child. The Court took the demurrer under advisement and ordered a hearing on the merits, which was had. At the conclusion of the trial, the Court concluded that "the written property agreement executed by the parties, * * * (and) approved by this Court and order entered thereon in the decree for divorce heretofore entered in this cause as aforesaid, is controlling, and that the Court now has no power, jurisdiction or authority to alter, change or amend the terms of said agreement or to entertain this petition, and the said demurrer should have been sustained, so adjudges and decrees". The petition of Dr. Doty was accordingly dismissed. From this action he appealed in error to the Supreme Court, where the case was transferred to this Court.

The appeal was taken to the Supreme Court on the theory that the case was finally disposed of on demurrer. It is true that the judge did say in his order that the demurrer was sustained, but it is clear that his disposition of the case was based solely on the written agreement filed as an exhibit to the answer. This was evidence and hence the case was finally disposed of upon a consideration of evidence, and the appeal should have been to this Court.

■ There was no reference in the petition to the agreement, and in disposing of the demurrer it was not proper for the judge to consider facts not alleged in the petition and not otherwise appearing from the record proper, whether such facts were in the form of an exhibit or made to appear otherwise. See Gibson's Suits in Chancery, Sec. 307.

But the recital in the order that the demurrer was sustained may be disregarded and the case treated as if the petition was dismissed following the trial on the merits,

on the sole ground that the agreement of the parties, which was proven and introduced in evidence, precluded a modification of the award; for that in effect was the manner in which the case was disposed of.

The sole question presented is whether the judge was correct in holding that the agreement of the parties which was in part adopted by the divorce decree, was irrevocably binding upon the parties in the sense that the Court had no power to change or modify the amount of $100 per month which the petitioner was ordered to pay for the support and maintenance of the wife and child.

■ Code Section 8446 provides that in cases of absolute divorce or separation, the Court may make an order for the suitable support and maintenance of the wife and her children, the order or decree to remain in the court's control and on application of either part the Court may decree an increase or decrease of such allowance on cause being shown. This Section becomes a part of every decree in the type of cases contemplated thereby, and has the effect of preserving the jurisdiction of the Court for the purpose indicated even though the decree does not expressly retain the cause in court. Perry v. Perry, 183 Tenn. 362, 192 S. W. (2d) 830; Darty v. Darty, 33 Tenn. App. 321, 232 S. W. (2d) 59; Hicks v. Hicks, 26 Tenn. App. 641, 176 S. W. (2d) 371; Rose Funeral Home v. Julian, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A.L.R. 858; Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406.

■ The fact that an agreement of the parties was adopted as the basis for fixing the amount of the award, does not operate to deprive the Court of its statutory power to modify it upon a proper showing, and this is expressly true where the award is not only one for alimony for the wife but one for the support of a minor child as

well. In such cases the agreement of the parties is regarded as no more than the evidence upon which the court will fix the amount. Perry v. Perry, 183 Tenn. 362, 192 S. W. (2d) 830; Brown v. Brown, 156 Tenn. 619, 4 S. W. (2d) 345; Osborne v. Osborne, 29 Tenn. App. 463, 197 S. W. (2d) 234. The agreement becomes merged in the decree and loses its contractual nature.

■ But it is said that the contract in this case purported to be and in fact was a settlement of property rights between Dr. Doty and his wife, and that such a case constitutes an exception to the general rule, that is, that a decree incorporating a contract cannot afterwards be modified. Some courts take the view that where the parties have made a written contract settling their property rights, and the contract is approved by the court and incorporated in the decree, it cannot be modified under the general power to modify a decree concerning alimony; and that this is true even though the decree provide that the husband shall make periodic payments to the wife. The theory of this view is that in such a case the payments to be made are not in fact alimony but payments in consideration of a transfer of property or in consideration of the release of dower or other property rights. Note 166 A.L.R. 693, 694. But those cases, or most of them, deal with alimony alone. We do not have that question. Upon the contrary, we have an award made for "the suitable support and maintenance" of the wife and child by the husband, pursuant to the authority vested in the Court by Code Section 8446. In such a case the power to modify the decree based on the agreement is recognized even though it might be otherwise if the order was for the support of the wife alone. Keith v. Keith, 270 Ky. 655, 110 S. W. (2d) 424, overruled on another ground in Littleton v. Littleton, 295 Ky. 720, 175 S. W.

(2d) 502; Harms v. Harms, 302 Ky. 60, 193 S. W. (2d) 407; cf. Douglas v. Willcuts, 296 U. S. 1, 56 S..Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391. The parents could not by a private contract deprive the Court of the authority to make adequate provision for the support of the minor child, whatever might be true with respect to an agreement for alimony.

■ Moreover, it is everywhere held that if the contract adopted by the Court is of a dual nature, that is, if it settles property rights between the husband and wife and also claims for alimony or support, then if the provision for the latter is clearly separable, the Court has the same power to modify the executory provision for alimony or support that it would have if the agreement and the decree based thereon had related solely to alimony or support. The cases so holding are collected in the annotation in 166 A.L.R. 695. That is the case here, and it appears to be clear that it was so recognized in the original decree, for the Court, after reciting that provision only, said, "This part of said property agreement is approved by the Court". It is true that the decree also recites: "and the agreement with regard to the payment of $100.00 per month has been accepted by the petitioner (the wife) and is approved by the Court in lieu of any further support or maintenance for the petitioner and said child".

■ But it was beyond the power of the Court to thus deprive itself of the authority conferred by Code Section 8446 to modify the award upon a proper showing. Adler v. Adler, 373 Ill. 361, 26 N. E. (2d) 504, writ of certiorari denied 311 U. S. 670, 61 S. Ct. 29, 85 L. Ed. 430; Miller v. Miller, 317 Ill. App. 447, 46 N. E. (2d) 102; see, Parmly v. Parmly, 125 N. J. Eq. 545, 5 A. (2d) 789; Goldman v.

Goldman, 282 N. Y. 296, 26 N. E. (2d) 265; Prime v. Prime, 172 Or. 34, 139 P. (2d) 550.

Finally, all other questions aside, it is obvious from the agreement itself that the parties understood that the payments for support and maintenance of the wife and child were subject to modification and that they were separable from the property settlement, for the contract recites that, "It is further expressly agreed that in the case of the said Dr. O. C. Doty, if, because of ill health, disability or other circumstances beyond his control, he becomes so disabled or rendered unable to make money and make said payments, and he is not financially able to meet this obligation, he is not to be put in prison for any default and he would be released from this obligation". By quoting this provision we do not mean to indicate that the parties could abridge the power of the Court to modify the decree, but only to indicate the intention of the parties with respect to the separability of the provision for support and maintenance and their intention with respect to the finality of the agreement.

The result is that the decree is reversed and the case is remanded to the Circuit Court for a consideration on the merits. Ordinarily we would be disposed to confine this consideration to the evidence already introduced and made a part of the record, but since the rights of a minor child are involved and it is claimed by the mother on behalf of the child as well as on behalf of herself that the award should not only not be reduced but should be increased due to a change in circumstances, we think that both parties should have the right to introduce additional evidence bearing on the issues made by the pleadings; but this right should be confined strictly to. additional evidence and not a mere repetition of the evidence that is already a part of the record.

Since the rights of his child are involved, we exercise our discretion to adjudge the costs of the appeal against Dr. O. C. Doty. The costs heretofore accrued in the lower Court and those accruing hereafter will be adjudged by that tribunal.

Baptist and Swepston, JJ., concur.